# Jarratt *v.* McCabe.

*Action against Mortgagee for Statutory Penalty for Failure to enter of Record Satisfaction of Mortgage.*

1. *Penalty for failure to enter of record satisfaction of mortgage ; statute strictly construed.*—The statute providing a penalty against a mortgagee for failure to enter of record satisfaction of the mortgage within three months after payment of the mortgage debt, and after request in writing to make such entry (Code, §§ 2222-23 ; Pamph. Acts, 1880-1, p. 32), being penal in its nature, must be strictly construed, and can not be extended by implication.

2. *Same ; when request insufficient.*—Where there are two mortgagors, a written request signed by one of them, in his own name, is not a compliance with the statute providing such penalty, although it was made with the knowledge and concurrence of the other.

APPEAL from Lawrence Circuit Court.

Tried before Hon. H. C. SPEAKE.

The facts are sufficiently stated in the opinion.

J. H. BRANCH, JAMES JACKSON and J. C. KUMPE, for appellant. (1) The *request* required by the statute is not unlike the common law notice to quit by a landlord, which was sufficient if signed by one only, though several were interested in the premises jointly.—Bou. Law Dic., title, Notice to Quit. The notice by Scott was within the spirit and letter of the statute. (2) The mortgagor who did sign and deliver the request, was presumably acting for himself and co-obligor, who wrote the body of the notice, and was present when it was delivered. If the defendant did not question his authority at the time it was delivered, he can not do so now. See *Bell v. Wilkinson*, 65 Ala. 477. (3) It has been said that this is a penal statute and should be strictly construed ; yet, the *letter* yielded to the *spirit* of the law in *Bell v. Wilkinson, supra,* where notice *by attorney* was held sufficient; and also in *Renfro v. Adams*, 62 Ala. 302, where notice to *one* of *several partners* was held sufficient.

W. P. CHITWOOD, with whom were R. O. PICKETT and D.

W. Speake, *contra.*—(1) The statute under consideration is highly penal, and must be strictly construed.—*Grooms v. Hannon,* 59 Ala. 510. (2) In this case, there being two mortgagors, a suit for the statutory penalty could only have been maintained in the name of both.—*Harris v. Swanson,* 62 Ala. 299. It seems to follow, therefore, that the written request required by the statute should have been in the name of both mortgagors. (3) It is true that it has been decided that notice or request to one member of a partnership is good against the firm; but this results from the unity of the partnership. " Each member represents, not himself, but the partnership in its entirety or personality."—*Renfro & Andrews v. Adams,* 62 Ala. 302; *N. Y. & Ala. Con. Co. v. Selma Savings Bank,* 51 Ala. 305.

SOMERVILLE, J.—The action is for a penalty of two hundred dollars, based upon the alleged failure of the defendant, as mortgagee, to enter satisfaction of a mortgage upon the margin of the record, within three months after payment of the mortgage debt, and after request to make such entry in accordance with the provisions of the act of March 1st, 1881, amendatory of sections 2222 and 2223 of the Code of 1876. Acts 1880–81, p. 32; Acts 1878–79, p. 70. The statute requires that such request should be made by the mortgagor, and that it must be made in writing. There were two mortgagors in the present case, Jarratt and Scott, only one of whom made the requisite statutory request, but both of whom unite as co-plaintiffs in the action. The question raised for decision is, whether a written request signed by one of the mortgagors, in his own name, but with the knowledge and concurrence of the other, is a sufficient compliance with the statute.

The statute giving the penalty is obviously penal in its nature, and must be strictly construed. It can not be extended by implication. The request to enter satisfaction must, for this reason, be made by all the interested parties—by both of the mortgagors, and not by one of them alone in his own name. This is the letter of the statute, and comports also with its policy and its spirit. The right to sue for the penalty is a joint one, given to both of the mortgagors, who are required to join in an action for its recovery. It could not be brought in the name of either alone. Nor would one be entitled to judgment for his moiety, if his co-plaintiff should fail.—*Harris v. Swanson & Bro.,* 62 Ala. 299. No one could be regarded as a " party aggrieved" within the meaning of the statute, unless he had himself made the request, and there had been an unlawful neglect of the mortgagee to comply with it. It is clear that a verbal request, or one made before payment or satisfaction of the mortgage, would avail nothing. It must be in writing, and

[McDaniel v. Callan.]

in the name of all the parties who are interested in the recovery of the penalty.

This is in harmony with the rule as to notices to quit from landlords to tenants. The sounder view in such cases is, that if the demise be by three, notice by two will be insufficient to lay the foundation for summary proceedings to eject the tenant from the premises. All are required to join in such a notice in order that it may be binding upon the party notified, as to the entire interest represented by the opposite parties. Wade on Notice, § 616–618 ; 1 Wash. Real Est. (4th Ed.) 606, * 386. The reasons are far more forcible why the same rule should prevail in cases belonging to the class like that now under consideration. The case of *Bell v. Wilkinson*, 65 Ala. 477, in no wise conflicts with the foregoing view. It was there held that a request made by an authorized agent, or attorney, in the name of the mortgagor, was sufficient. So the princple declared in *Renfro v. Adams*, 62 Ala. 302, holding sufficient a request to one of several members of an existing partnership, rests upon the rule that each partner is an agent for the others as to all matters within the scope of the partnership business, and notice to one is notice to all.

The evidence in the present case does not show a written notice or request in the name of both of the plaintiffs, but only in the name of one them. This was insufficient to authorize a recovery, and the court correctly so charged the jury.

Judgment affirmed.