[The State v. Sloss.]

# The State *v.* Sloss.

*Action against Agent, for Taxes assessed against Foreign Corporation.*

1. *When action lies.*—To sustain an action against the agent of a foreign corporation engaged in the business of lending money on mortgage, for taxes assessed on the gross receipts of its business, a valid assessment must be shown, as claimed, against that particular corporation.

2. *Name of corporation; variance.*—The *American Mortgage Company of Scotland*, and the *American Mortgage Company*, are, *prima facie*, different corporations; and an assessment of taxes against the latter, if regular on its face, will not support an action against an agent of the former.

3. *Assessment of taxes against foreign corporation.*—An assessment of taxes against a foreign corporation, in these words: "Value of personal property, less exemptions, $15,200; State tax, $91.20; county tax, $76.00; total tax, $167.20," does not show an assessment of two per cent. on the gross receipts of the corporation from its business in this State, and will not support an action against its agent to recover such assessment on receipts.

FROM the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought in the name of the State of Alabama, against Joseph H. Sloss, "agent of American Mortgage Company of Scotland," a foreign corporation alleged to be engaged in the business of lending money on mortgages of land in this State, to recover the sum of $200, said to have been assessed against said agent as taxes due from said corporation to the State of Alabama and Madison county, on the gross receipts of its business during the year 1885; and was commenced on the 2d June, 1887. On the trial, as appears from the bill of exceptions, the plaintiff proved by Alonzo Ware, deputy-assessor of Madison county in 1886, that after April 1st of that year, finding that the defendant, "as agent of the American Mortgage Company of Scotland, Limited," had not made any returns to the tax-assessor, as to the gross receipts of the company's business during the preceding year, he "proceeded to make a supplemental assessment from the best information he could get," and made an assessment as follows: "*American Mortgage Company:* Value of personal property, less exemptions, $15,200; State tax, $91.20; county tax, $76.00; total tax,

[The State v. Sloss.]

$167.20." Witness stated, that the assessment "should have been against the *American Mortgage Company of Scotland, Limited*," and that the additional words were omitted "by a clerical error" on his part; but the court excluded this testimony, on objection by the defendant, and the plaintiff excepted. The defendant then moved to exclude all the testimony of the witness, "on account of the variance between it and the allegations of the complaint," and the court sustained the motion; to which the plaintiff excepted, and thereupon took a nonsuit.

Wm. RICHARDSON, for appellant, cited *Preston v. Dunham*, 52 Ala. 217; *Farris & McCurdy v. Dudley*, 78 Ala. 124; *Offutt v. Scott*, 47 Ala. 104; Burr. Taxation, 251.

L. W. DAY, and D. D. SHELBY, *contra*, cited *People v. Whipple*, 47 Cal. 618; Law of Assessments by D. W. Welty, 1886, §§ 60-62, notes.

STONE, C. J.—This suit is instituted against Sloss, "agent of American Mortgage Company of Scotland." The averments of the complaint show the suit is brought for the recovery of taxes due from, and assessed against the "American Mortgage Company of Scotland," a corporation of which Sloss was agent. The taxes claimed as due, and as having been assessed, accrued, if at all, and were assessed under section 6, subd. 8 of the Revenue Law, approved December 12, 1884.—Sess. Acts, pp. 10 and 11. We say they accrued, if at all, and were assessed under that provision of the Revenue Law, for that is the provision which allows suit and recovery against the agent of the "person, company, association or corporation, · · · who, by themselves or agent, is engaged in the business of loaning money, or thing of value, upon mortgage or lien upon any property in this State;" and the averments in the complaint prove that a recovery was claimed under that provision of the statute. This was necessary; for, without such averments, the complaint would have shown no right of recovery against Sloss, the mere agent of the tax-payer.

The attempted assessment of taxes in this case must be pronounced ineffectual and void, for more reasons than one. First: Taxes, such as those claimed in this case, must be assessed against the person, company, association, or corporation, which is liable for their payment. "American Mort-

[Hussey v. The State.]

gage Company," and "American Mortgage Company of Scotland," are not, *prima facie*, one and the same.—Burroughs Taxation, 203-4. The assessment was not against the corporation, of which Sloss, according to the averments of the complaint, was agent. Hence, the assessment did not tend to show assessed taxes, for which the statute made Sloss liable. Second: The entire assessment neither tends to show gross receipts, nor to show an assessment of two per-cent. on gross receipts. It shows the contrary. It sets down personal property of the tax-payer, valued at $15,200, and then fixes the State tax rate, not at two per-cent., the rate the statute prescribes, but at six mills, which was then our tax rate on property proper. In other words, the assessment was on "personal property," owned by the American Mortgage Company, and the suit seeks to recover from Sloss, agent of the American Mortgage Company of Scotland, taxes on the gross receipts derived from business done by that company. The assessment can, in no sense, maintain the claim asserted in the complaint, even if there had been no error in the name of the corporation.

Affirmed.