# Gwin *et al. v.* National Building & Loan Association.

## Action for Statutory Penalty.

. *Partial payments; what must be entered on record of mortgage.*—The partial payments on a mortgage debt which by
. the Code the mortagee is required to enter on the margin of the record of the mortagage are such as are fixed and determined at the date of the demand made by the mortgagee.

[Gwin *et al.* v. National B. & L. Association.]

2. *Same; when mortagor not entitled to have them entered on margin of record.*—If a person becomes a stock-holder in a building and loan. association and borrows money from the association, executing a mortgage to secure the loan; and if by the by-laws of the association the profits accruing on the stock held by the mortagor are to be credited on the mortgage when the stock is fully paid up by the profits earned by the association, but if default for six months is made before the maturity of the stock all payments made by the stockholder are forfeited to the association, the mortgagor is not entitled to have credits for payments made, entered on the record until by the profits earned by the association the stock is fully paid up—it being impossible before that time to tell whether or not a forfeiture will occur.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The facts necessary to be here set out are these: The plaintiff, Mattie Gwin, became a stockholder in the National Building & Loan Association, and borrowed from the association one thousand dolars, to secure the payment of which she and her husband executed a mortgage on her property. After holding said stock for over four years, and paying the premium, dues and interest thereon, she and her husband demanded that the association enter the payments on the margin of the record of the mortgage, and on its failure for thirty days so to do they brought this suit to recover the statutory penalty for two hundred dollars for such failure. In the contract of loan and in the mortgage Mattie Gwin agreed to pay $19.00 per month upon her stock, $7.00 premium, $7.00 as monthly dues, and $5.00 as interest; and these payments were to continue until the dues credited on her stock and the dividends thereon should equal the par value of the stock.

GEORGE D. MOTLEY, for appellant.

W. E. HOLLOWAY, *contra.*—The stock held by Gwin had not matured at the time of the demand to enter credits on the mortgage, and hence her monthly payments were not then credits on the mortgage.—*South'n B. & L. Ass'n v. Anniston L. & T. Co.*, 101 Ala. 582; Enlich on B. & L. Ass'ns, Sec. 480; *Robertson v. Homestead*

*Co.,* 69 Am. Dec. 163; *Rogers v. Margo,* 92 Tenn. 35; *Ass'n v. Lane,* 81 Tex. 369; 2 Am. & En. Ency., p. 639.

TYSON, J.—Partial payments made by a mortgagor upon the mortgage debt must be such as he is entitled to have applied to the satisfaction of the debt *pro tanto* at the time he makes the demand of the mortgagee to enter them upon the margin of the record of the mortgage. If this right is undeterminable or dependent upon an act to be performed in the future, at the date of the making of this demand, he cannot maintain an action under section 1065 of the Code against a mortgagee who fails or refuses to make the entry after demand in writing within the time prescribed.

The appellants became members of the defendant Building & Loan Association and subscribed for twenty shares of its stock, and obtained a loan of $1,000, securing their contract by mortgage. Under the by-laws of the association they were entitled to one vote for each share of stock owned by them and otherwise to participate in the management of the association. On the first day of the months of January and July in each year the association was required to apportion and credit all undivided profits upon the shares in force. The dues required to be paid by the share-holders are the only source of income to the association by which any profits can be accumulated by the association to be applied to the payment of the shares of stock. Whenever the stock has been fully paid up by the profits earned by the association, the holder of the stock can have its value applied in part payment of the loan. And it is this alone that they have the right to have applied as a credit upon their mortgage debt. And this they cannot demand and enforce should they make default for six months in the payment of their dues. For upon such forfeiture they would not be entitled to have the mortgage debt abated to the extent of the aggregate of the payments made by them on their stock subscription prior to their default.—*Southern B. & L. Asso. v. Anniston Loan & Trust Co.,* 101 Ala. 582, and authorities there cited. It is nowhere shown nor is it contended here that appellants' stock has matured or that they have repaid their loan, *non constat,* they may have after

the institution of this suit made default.    Under the
authority last above cited the monthly payments are not
partial payments upon their mortgage.    See also End-
lich on Building Asso. § § 132, 477, 480, 481 and 482.
    The judgment must be affirmed.