125 491
137 895

# Southwestern Building & Loan Association v. Rowe et al.

### Action for Penalty for Failure to enter Credits on Record of Mortgage.

1. *Penalty for failure to enter credits on record of mortgage; cestui que trust not within provisions of the statute.*—The act approved February 23, 1899, amending sections 1065 and 1066 of the Code of 1896, imposing a penalty upon a mortgagee or his assignee who fails, upon written request, to enter partial payment or satisfaction on the margin of the record of a mortgage, (Acts of 1898-99, p. 26), has no application to a *cestui que trust* or the beneficiary in a deed of trust executed to secure the payment of a loan; and, therefore, the failure or refusal of a *cestui que trust* in such a deed of trust, upon request, to enter any partial payments upon the record of the deed of trust, does not subject such person to the statutory penalty.

2. *Same; when payments of interest constitute partial payment on mortgage.*—Where a mortgage to a building and loan association, in terms, secures the payment of interest in monthly installments of a given sum, as well as the payment of the sum loaned, the payment of interest by the mortgagor, from time to time, as provided for in said mortgage, are partial payments upon the indebtedness secured by the mortgage, within the meaning of the statute which imposes a penalty for the failure of the mortgagee or his assignee, at the written request of the mortgagor, to enter partial payments upon the record of the mortgage.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This action was brought by J. C. Rowe and Adeline Rowe, against the appellant, the Southern Building &

Loan Association, to recover the statutory penalty for the failure on the part of the defendant, after request made by the plaintiff in writing, to enter on the margin of the record of a deed of trust, partial payments made by the plaintiff.

The complaint contained but one count, in which it was averred that on June 15, 1895, the plaintiffs executed to one W. H. Nance, as trustee for the defendant, a deed of trust on certain real estate therein described, which deed of trust was recorded in a certain designated mortgage record in the office of the judge of probate of Talladega county, Alabama. That said deed of trust was executed and delivered by the plaintiffs to the defendant for the purpose of securing a loan of money made by the defendant to the plaintiff, Adeline Rowe, amounting to $300. This deed of trust was executed by both the said Adeline Rowe and her husband, J. C. Rowe; that in the written obligation evidencing the indebtedness, which was secured by said deed of trust, it was stipulated and agreed that the plaintiff, Adeline Rowe, was to pay to the defendant the sum of 75 cents per month, interest on said loan; and that upon her failure to pay the said interest for six months or for a failure to pay the installments on three shares of the stock of the association standing in her name for a term of six months, the indebtedness and the obligation should become due and payable; and the trustee would be authorized to sell the property described in said deed of trust. It was specially averred in the complaint that the deed of trust was so executed and delivered by the plaintiffs to secure the payment of interest as stated above, as well as the principal of the debt. It was then averred that, beginning on the 5th day of July, 1895, the said Adeline Rowe paid the defendant 75 cents interest on said indebtedness each month up to and including August 7, 1899; and that the plaintiffs in writing, requested the defendant to enter on the margin of the said deed of trust the dates and amounts of all partial payments which it received on said deed of trust, but that the defendant failed for thirty days after receiving said request to enter any partial payments on the record of said deed of trust.

To this complaint, the defendant, on November 11, 1899, filed a demurrer upon several grounds, which were substantially as follows: First. For that plaintiffs do not aver in said complaint that any partial payment or payments were made upon the debt secured by the said deed of trust. Second. For that said complaint does not show that any partial payment or payments had been made upon the debt secured by said deed of trust at the time of or prior to the request made by plaintiffs to enter partial payments upon the margin of the record of said deed of trust. Third. For that the averment in said complaint that seventy-five cents per month interest upon said loan was paid, does not show a payment upon the debt secured by said deed of trust. Fourth. For that partial payments unless they exceed the interest due, are not partial payments upon the debt. Fifth. For that the monthly payments stipulated for as set out in said complaint and alleged to have been paid by jlaintiffs are not shown to be partial payments on the debt secured by said deed of trust.

On November 14, 1899, the defendant filed additional grounds of demurrer which were in substance as follows: First. For that said complaint shows that the instrument executed by the plaintiffs to the defendant was a deed of trust. Second. For that a deed of trust is not such an instrument as that the failure to enter partial payments on the margin of the record of the debt secured, on demand in writing as in said complaint alleged, imposes a penalty on this defendant unless it be an assignee or transferee as entitled the plaintiffs to maintain this action. Third. For that the statute under which the penalty claimed in said complaint is based does not impose such penalty upon the defendant as the *cestui que trust* of said deed of trust, but only upon a mortgagee or a transferee or an assignee of the mortgage or deed of trust, and said complaint fails to show that defendant is the assignee or transferee of said deed of trust. Each of the demurrers filed by the defendant to the complaint were overruled, and to this ruling the defendant duly excepted.

On the trial of the case, the plaintiff introduced in evidence the mortgage record containing a copy of the deed

of trust which was executed by the plaintiffs to the defendant. This deed of trust was executed to W. H. Nance as trustee for the defendant, to secure the payment of an indebtedness of $300 to the defendant and the interest thereon. It was such a deed of trust as is usually executed to one borrowing money from a Building & Loan Association. The record where such instrument was recorded did not show that any partial payment or payments of any sort had been entered on the margin thereof.

The plaintiffs introduced evidence showing that they had paid 75 cents per month interest on the indebtedness secured by the deed of trust from the month of June, 1895, up to and including the month of September, 1899. That on August 7th, 1899, the plaintiffs addressed a communication in writing to the defendant, requesting it to enter upon the margin of the record where the deed of trust from them to it was recorded, the payments which had been made and the dates thereof. The defendants objected to the introduction in evidence of the deed of trust, upon the following grounds: 1st. That it is shown that the defendant was a *cestui que trust* in said deed of trust; and 2d, because said instrument did not show that interest was any part of the debt secured by the same. The court overruled the objection and to this ruling the defendant duly excepted. The defendant objected to the introduction in evidence of the notice making the request of the defendant to enter the payment made by the plaintiffs on the record of the deed of trust, upon the ground that such notice was directed to and served upon the defendant as the *cestui que trust* in said deed of trust. The court overruled this objection, and the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs, fixing their recovery at $200. The defendant duly excepted to the rendition of this judgment. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WILLETT & BROTHERS, for appellant.—Partial payments made by the mortgagor upon the mortgage debt must be such as he is entitled to have applied to the satisfaction of the debt, *pro tanto,* at the time he makes the demand of the mortgagee to enter them upon the margin of the record of the mortgage. If this right is undeterminable or dependent upon an act to be performed in the future, at the date of making this demand, he cannot maintain an action, under section 1065 of the Code, against a mortgagee who fails or refuses to make the entry, on the demand in writing, within the time prescribed.—*Gwin v. Nat. B. & L. Assn.* 25 So. Rep. 843.

The payment of the interest is not so much a payment on the debt as the payment of the premiums and dues. It is held in the *Gwin* case, and the case of *Southern B. & L. Assn. v. Anniston L. & T. Co.,* 101 Ala. 582, that, "The shareholder is not entitled to have the mortgage debt abated to the extent of the aggregate of the payments made by him on his stock subscription prior to his default."

The statute giving a penalty for failure to enter satisfaction or partial payment on the margin of the record of a mortgage or deed of trust must be strictly construed.—*Grooms v. Hannan,* 59 Ala. 510; *Jarratt v. McCabe,* 75 Ala. 325; *Scott v. Field,* 75 Ala. 419; 23 Am. & Eng. Ency. of Law, 378 and note.

CECIL BROWNE and W. L. CASTLEBERRY, *contra.*—The statute applies to "mortgagees of deeds of trust." To show that the word "mortgagee" used in the statute properly designates the person for whose security a deed of trust is given, we cite the following authorities, which hold that, no matter what the form of the contract may be, if it is, in substance and effect, but a security for the payment of money, (or mere indemnity), it is a mortgage.—*Pearson v. Seay,* 36 Ala. 212; *Same case,* 38 Ala. 643; *Turnipseed v. Cunningham,* 16 Ala. 501; *Parish v. Gates,* 29 Ala. 254; *Lock's Ex. v. Palmer,* 26 Ala. 312; *Haynie, Admr., v. Robertson,* 57 Ala. 37; *N. O. Banking Asso. v. Adams,* 109 U. S. 211; *Bennett v. Union Bank,*

.5 Humph. (Tenn.) 612-15; 1 Jones on Mortgages, §§ 16, 62 (4th ed'n.) ; *So. B. & L. Asso. v. McCants,* 25 So. Rep. 10.

HARALSON, J.—1. The instrument executed by Adeline and J. C. Rowe, appellees, plaintiffs below, on the 15th of June, 1895, to W. H. Nance in trust for the appellant, defendant below, to secure a note that day ·executed by plaintiffs to defendant, was, as applicable to sections 1065 and 1066 of the Code of 1896, a deed of trust, and not a mortgage.—*Southern B. & L. Asso. v. McCants,* 120 Ala. 616.   Nance was the trustee and the defendant association was the *cestui que trust.*   It was held by us in the case cited, that the maker of a trust deed to secure a debt due the beneficiary therein, could .not recover from the *cestui que trust* in such deed, when sued for the penalty for failure to satisfy a deed of trust on record upon written request of its maker. Since that decision, the statutes have been amended (Acts 1898-99, p. 26), and under the amendment of said section 1065, the plaintiffs contend, that the penalty therein provided, is applicable where demand is made of the *cestui que trust* in a deed to enter on the record partial payments on the debt secured thereby.   The contention of defendant is, that said amended statute does not reach, and has no application to a *cestui que trust,* in such a deed requiring him to enter partial payments on the deed of record.

We all know, and it is not disputed, that penal ·statutes, of the kind of the one in question, are to be strictly construed, and cannot be aided by implication. The said section of the Code as amended, mentions four classes of persons, who are put under a duty "to enter upon the margin of the record of the mortgage or deed of trust the date and amount of such partial payments or payment."  These are (1) "a mortgagee," (2) "or the assignee or transferee of a debt secured by mortgage," (3) "or trustee * * * of a deed of trust to secure a debt," and (4) "or *cestui que trust* of a deed of trust to secure a debt."   It then mentions a second class of per- ·sons on whose demand the persons constituting the first

class, just mentioned, are to make this entry on the record, namely, (1) the mortgagor, (2) or a judgment creditor of the mortgagor, (3) or other creditor of the mortgagor having a lien or claim on the property mortgaged, (4) or a purchaser from the mortgagor, (5) or the debtor in a deed of trust. If this were all, the statute would simply prescribe a duty without a penalty for a failure to discharge it. It proceeds, however, to prescribe the penalty for its violation in these words: "If for thirty days after such request, (1) the mortgagee, (2) the transferee or assignee of such mortgage, or (3) the transferee or assignee of a deed of trust, fails to make such entry, he forfeits to the party making such request two hundred dollars." The last named constitute a third class of persons against whom the penalty prescribed may be enforced, and they are only three of the four persons mentioned in the first class, named above, required to make these entries, viz., the mortgagee, or transferee or assignee of such mortgage, or the transferee or assignee of the deed of trust, omitting to mention the *cestui que trust* of a deed of trust. Against him, no forfeiture or penalty is directed by the statute. Either of the parties mentioned in the second class above may request him to enter payments on the record, and if he fails to do so, no penalty is imposed against him for such failure, and he incurs none. The case is one where the principle is applicable that "where the penal clause is less comprehensive than the body of the act, the courts will not extend the penalties provided therein to classes of persons or things not embraced within the penal clause, even where there is a manifest omission or oversight on the part of the legislature." We cannot know that the legislature intended more than they have expressed.—23 Am. & Eng. Encyc. of Law, 382 and authorities cited; *Brooks v. The State,* 88 Ala. 122, 127.

2. As to the other question involved, whether or not payments of the monthly installments of interest, required by the deed of trust to be made, and which were shown to have been made, were such payments as the maker of the deed might require the party charged by

[Gafford *et al.* v. Speaker.]

law, on proper request of him to make, we need say no more, than that the question recently received elaborate consideration at our hands, when we held the affirmative of the proposition.    We need not go over the same ground again.—*New South B. & L. Asso. v. Bowic*, 121 Ala. 465.    That case, as was there said, was not in conflict with anything decided in *Gwin v. Nat. B. & L. Asso.*, 121 Ala. 572.    The demurrer filed the 11th of November, 1899, was properly overruled.    The one filed on the 14th of the same month, should not have been overruled but sustained.

Reversed and remanded.