[Jordan v. Nashville, Chattanooga & St. Louis Railway.]

# Jordan v. Nashville, Chattanooga & St. Louis Railway.

## *Action on the Case.*

1. *Action on the case; sufficiency of complaint.*—The count of a complaint which avers that the plaintiff·was the owner of a judgment upon which execution had been issued and placed in the hands of the sheriff, and was in his hands at the time of the institution of the suit, that a certificate of said judgment was filed in the office of the judge of probate, as required by the statute, (Code, § 1920), and then avers that the defendant in said judgment had, since the execution was placed in the hands of the sheriff, been in possession of property which the defendant in the present suit received, and without the knowledge and consent of the plaintiff removed and disposed of, "so that the lien created by law in favor of the plaintiff can not be enforced, but is entirely lost to her," but which fails to aver that the property was situated in the county of registration, or that the execution had ever been levied upon said property by the sheriff, is insufficient to state a cause of action.

2. *Pleading and practice; plaintiff not entitled to recover when there is cause of action stated in the complaint.*—Where it is shown upon the face of the complaint itself, that it contains no substantial cause of action, the plaintiff is not entitled to recover, but the court is authorized to render judgment for the defendant, regardless of whether objection was taken to the complaint by demurrer.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was an action brought by the appellant, Mollie C. Jordan, against the appellee. The complaint contained but one count, in which the plaintiff claimed $200 for that she was the owner of a judgment rendered on a waive bond against one Sherrell by the circuit court of Marshall county on April 10, 1897, for the sum of $513, upon which an execution was regularly issued and placed in the hands of the sheriff of said county on

May 13, 1897. That an *alias* execution was issued on said judgment, and placed in the hands of the sheriff on January 26, 1898; that a *pluries* execution was issued and placed in the hands of said sheriff on August 11, 1898, and was in his hands at the time of the institution of this suit; that a certificate of said judgment was filed in the office of the judge of probate in and for Marshall county on June 14, 1898, as required and authorized by section 1920 of the Code. It was then averred in the complaint as follows: "That said W. A. Sherrell has since the 13th day of May, 1897, had in his possession and been the owner of fifty cords of bark known in this market as 'Tan Bark' of the value of two hundred dollars, which defendant received and without the knowledge or consent of the plaintiff removed and disposed of, so that the lien created by law in favor of plaintiff can not be enforced, but is entirely lost to her, to her great damage as aforesaid. And plaintiff avers that said judgment is still unpaid and no part of the same is paid and the amount due thereon is much greater than the value of said bark so converted by defendant." To this complaint the defendant demurred upon the following grounds: 1. Said complaint fails to aver that the property or its proceeds was converted by the defendant to its use. 2. The complaint fails to show that the defendant had actual notice of the lien of the plaintiff on the tan bark. 3. The complaint fails to aver that the defendant had actual notice of the plaintiff's lien at the time the tan bark is alleged to have been removed by the defendant. This demurrer was sustained, and the plaintiff declining to plead further, judgment was rendered for the defendant.

JOHN A. LUSK, for appellant, cited *Hudmon v. Dubose*, 85 Ala. 446; *Marks v. Robinson*, 82 Ala. 69; *Nelson v. Iverson*, 17 Ala. 216; *Ensley v. Lewis*, 121 Ala. 94; *Field v. Karter*, 121 Ala. 329.

OSCAR R. HUNDLEY, *contra*, cited *Kelly v. Eyster*, 102 Ala. 325; *Ehrman v. Oates*, 101 Ala. 604; *McCarty v. Roswald*, 105 Ala. 511.

SHARPE, J.—A first requisite to the presentation of a cause of action on the theory of this complaint is that it should appear that plaintiff had some property right in or a lien upon the property alleged to have been dealt with by the defendant. To be brought in subjection to the lien of a registered judgment, property must not only belong to the defendant but it must be situated in the county of registration.—Code, § 1921. And an unlevied. execution can create a lien only on property in the county where it is received by the officer authorized to execute it.—Code, § 1892. The complaint does not aver the property referred to was ever in Marshall county nor does it aver the existence of a lien even by way of conclusion. This want is not supplied by the averment that the lien created. by law in favor of plaintiff cannot be enforced, for there the lien is but improperly assumed to have arisen from the facts elsewhere averred. Without showing by the complaint a cause of action plaintiff was not entitled to recover, and the court was authorized to render judgment for the defendant regardless of whether objection was taken by demurrer. *Louisville & Nashville Railroad Co. v. Williams,* 113 Ala. 402.

Affirmed.