# Jowers *et al. v.* Brown Bros.

*Action by Mortgagors against Mortgagee to recover Statutory Penalty for Failure to enter Satisfaction of Mortgage on Margin of Record.*

1. *Penalty for failure to enter satisfaction of mortgage on margin of record; when request insufficient.*—Where there are two mortgagors, a request in writing written by one of them, who signed his own name and that of the other mortgagor without the latter's knowledge or consent, is not a request within the meaning of the statute, providing a penalty against a mortgagee who fails upon the written request of the mortgagor, to enter satisfaction on the margin of the record after the payment of said mortgage, (Code, § 1066); and the fact that the mortgagor who did not consent or request was the wife of the other mortgagor who signed the name of both, does not remove the necessity of proving that he signed his

wife's name with her knowledge and consent, nor is the bringing of a joint action such a ratification as will relieve the necessity of making such proof in order to main'ain a suit for the recovery of the statutory penalty.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellants against the appellees. The facts of the case are sufficiently stated in the opinion.

The plaintiffs separately excepted to the court's refusal to give at their request the general affirmative charge in their favor. They also excepted to the court's giving at the request of the defendants the general affirmative charge in their behalf.

There were verdict and judgment for the defendants. The plaintiffs appeal and assign as error the rulings of the court upon the charges requested.

F. E. POOLE, for appellant, cited *Steiner & Bro. v. Snow,* 80 Ala. 45; *Jarrett v. McCabe,* 75 Ala. 325; *Gay v. Rogers,* 109 Ala. 624.

LACKLAND & WILSON, *contra,* cited Code, § 1066; *Jarrett v. McCabe,* 75 Ala. 325.

DOWDELL, J.—The appellants, J. M. Jowers and Effie A. Jowers, sued the defendants to recover a penalty under the statute, (Code, § 1066), for an alleged failure to enter satisfaction on the margin of the record by them as mortgagees of a mortgage executed to them by the plaintiffs, after request in writing to do so. In *Jarrett v. McCabe,* 75 Ala. 325, it was said: "The statute giving the penalty is obviously penal in its nature, and must be strictly construed. It can not be extended by implication. The request to enter satisfaction must, for this reason, be made by all the interested parties, by both of the mortgagors, and not by one of them alone in his own name. This is the letter of the statute, and comports also with its policy and spirit. The right to sue for the penalty is a joint one, given to both of the mort-

gagors, who are required to join in an action for its recovery.  *  *  *  No one could be regarded as a 'party aggrieved' within the meaning of the statute, unless he had himself made the request, and there had been an unlawful neglect of the mortgagee to comply with it." In that case, as in this, there were two mortgagors. The request in writing was by one of the mortgagors, and the action for the penalty was brought in the name of both. Here the request in writing was written by J. M. Jowers, who signed his own name and that of the other mortgagor, and delivered it to one Dunn to be by him delivered to the defendants. There is no proof that this was done with the knowledge and assent of the mortgagor who did not sign the written request. The mere fact that the mortgagor, who did not sign, was the wife of the mortgagor, who drew up the writing and signed the names of both to the same, is not enough to supply the omission to prove that it was done with her knowledge and consent, or in other words, that it was her request. If the two mortgagors had been in nowise related, and one without the knowledge and consent of the other, had made request in writing, signing the names of both, it would not for a moment be contended that such request would be sufficient under the authority cited above. The uniting in a joint action is not such a ratification as will relieve the situation, since the right of action itself must be based upon a failure to enter satisfaction for two months after proper request made. The court properly gave the general charge as requested by the defendants, and the judgment will be affirmed.

Affirmed.