# Southwestern Building & Loan Association *v.* Acker.

*Action to recover Penalty for Failure to enter Payment on Record of Mortgage.*

1. *Penalty for failure to enter credits on record of mortgage; cestui que trust not within provisions of the statute.*—The act approved February 23, 1899, amending sections 1065 and 1066 of the Code of 1896, imposing a penalty upon a mortgagee or his assignee who fails, upon written request, to enter partial payment or satisfaction on the margin of the

record of a mortgage, (Acts of 1898-99, p. 26), has no application to a *cestui que trust* or the beneficiary in a deed of trust executed to secure the payment of a loan; and, therefore, the failure or refusal of a *cestui que trust* in such a deed of trust, upon request, to enter any partial payments upon the record of the deed of trust, does not subject such *cestui que trust* to the statutory penalty.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellee, J. H. Acker, against the appellant, the Southwestern Building & Loan Association.

The complaint contained two counts. In the first count the plaintiff sought to recover the statutory penalty for the failure to mark on the margin of the record the satisfaction or payment in full of the deed of trust executed by the plaintiff to the defendant after written request therefor. The second count sought to recover the statutory penalty for failure to enter upon the margin of the record partial payments made upon the deed of trust or mortgage.

The evidence showed that the plaintiff and his wife executed to J. W. Johnston, as trustee for the Southwestern Building & Loan Association, a mortgage or deed of trust to secure a loan made by the plaintiff from said building and loan association.

The evidence for the plaintiff tended to show that he had made several partial payments upon said mortgage indebtedness and had paid said indebtedness in full.

There was introduced in evidence the written request from the plaintiff to the Southwestern Building & Loan Association that it should enter upon the margin of the record of the mortgage or deed of trust executed by the plaintiff to it, each of the partial payments made upon his indebtedness to it, and also the satisfaction of said mortgage or deed of trust.

The plaintiff introduced the record of the mortgage, which showed that no entry of partial payments or full satisfaction had been entered thereon.

The evidence for the defendant tended to show that the plaintiff had made only partial payments on the in-

debtedness secured by the mortgage or deed of trust, and that there had been no payment or satisfaction in full of said indebtedness.

Upon the introduction of all the evidence the defendant, among others, requested the court to give the following written charges, and separately excepted to the courts' refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case, they must find the issues in favor of the defendant on the first count of the complaint." (2.) "The court charges the jury that the plaintiff can not recover in this action for failure to enter partial payments on the margin of the record of the instrument mentioned in the complaint."

There were verdict and judgment for the plaintiff, assessing his damages at $200. The defendant appeals, and assigns as error, among other rulings of the court, the refusal to give to the jury the two charges requested by it.

BLCKWELL & AGEE and J. J. WILLETT, for appellant, cited *Southern B. & L. Asso. v. Rowe,* 125 Ala. 491.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—Reaffirming the case of *Southern Building & Loan Association v. Rowe,* 125 Ala. 491, it must be held that the trial court erred in refusing to give the affirmative charge requested by defendant on the second count of the complaint. The request for the entry of partial payment on the margin of the record of the deed of trust executed to Johnston to secure a debt due the defendant was made to the defendant, the *cestui que trust* in the conveyance, and its failure to comply therewith is the ground of complaint set forth in the second count. As was ruled in the case cited, section 1065 of the Code as amended by the act of February 23, 1899, (Acts, 1898-9, p. 26) imposes no penalty upon the *cestui que trust* in such a deed for failure to enter partial payments on the margin of the record.

There was evidence before the jury, tending to show that only partial payments had been made—that there

had been no payment or satisfaction in full, and hence it cannot be said that the error in question was without prejudice to the defendant.

Reversed and remanded.