# Ayers *v.* Butler, *et al.*

*Failure to Enter Partial Payments on Record of Mortgage.*

(Decided April 16th, 1908. Rehearing denied July 3, 1908.
47 South. 138.)

1. *Mortgages; Failure to Enter Payment on Record; Penalty.*— The statute providing a penalty for failure to enter payments on the margin of the record of mortgages, Sec. 1065, Code 1896, is penal, and must be strictly construed.

[Ayers v. Butler, et al.]

2. *Same; Request to Enter; Sufficiency.*—A mortgagee has the right to disregard any request to enter payments upon the margin of the record of a mortgage not disclosing that it was made by authority of one having a right to demand such entry, and hence where a mortgage was executed by Clark Butler and Mary E. Butler, a request to enter payment, describing the mortgage properly, but signed by Clark Ruller and M. E. Rutler is insufficient, although it is shown that the draftsman intended to sign the names of the mortgagors, and had authority to do so.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Clark and Mary E. Butler, against J. D. Ayers, to recover the penalty for failure to enter partial payments upon the margin of a mortgage record. Judgment·for plaintiffs, and defendant appeals. Reversed and remanded.

JOHN W. OVERTON, for appellant. The written request was not signed by the mortgagor and is not a request within the meaning of the statute.—*Jowers, et al. v. Brown Bros.,* 137 Ala. 581. The request must be made by both of the interested parties.—*Jarrett v. McCabe,* 75 Ala. 325.

HOLLOWAY & BROWN, and WALKER & WILSON, for appellee. The court properly admitted the notice in evidence.—*Madden v. Floyd,* 69 Ala. 221; *Veasey v. Brigman,* 93 Ala. 548; *Huntsville v. Smith,* 137 Ala. 382; *Henderson v. Wilson,* 139 Ala. 327; *Dothan Guano Co. v. Ward,* 132 Ala. 380; *Barnett v. Wilson,* 132 Ala. 375; *Partridge v. Wilson,* 141 Ala. 154; *Loeb v. Huddleston,* 105 Ala. 257; *Lamar v. Smith,* 129 Ala. 418.

ANDERSON, J.—Section 1065 of the Code of 1896, prescribing a penalty for a failure to enter partial payments and the date of same upon the margin of the record within 30 days after the request in writing by the mortgagor to do so, is penal in its nature and must be

C 39

[Ayers v. Butler, et al.]

strictly construed. It cannot be extended by implication.—*Jarratt v. McCabe,* 75 Ala. 325; *Jowers v. Brown Brothers,* 137 Ala. 581, 34 South. 827.

The request in the case at bar does not appear to have been by the mortgagors, but, as disclosed by the record, as well as the original sent up for the inspection of this court, was made by different persons from the mortgagors. The suit is by, and the mortgage introduced was executed by, "Clark Butler" and "Mary E. Butler;" while the written request is signed by "Clark Ruller" and "M. E. Rutler," and is so signed as to prevent its being read "Butler" without changing the plain lettering in the surname of each signer. It may be that the draftsman intended to sign the names of the mortgagors and that he was authorized to do so; but this is not sufficient, as the mortgagee had the right to act on the notice served on him, and was not compelled to obey it unless made by one who had authority to do so. Nor does it matter that the request properly described the mortgage, as any disinterested person could describe the mortgage and make the request, yet the mortgagee would have the right to disregard any request, unless it disclosed to him that it was made by one with authority and right to demand the entry of payments.

The trial court erred in admitting the request in evidence, in giving the general charge for the plaintiffs, and in not giving the general charge for the defendant.

Reversed and remanded.

Tyson, C. J., and Dowdell and Simpson, JJ.. concur.