(77 South. 984)

BAXLEY v. WHITE.    (4 Div. 575.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

APPEAL AND ERROR ⊂⇒554(3)—BILL OF EXCEPTIONS—MOTION TO AFFIRM.

Where appeal is on the record, and the time for filing bill of exceptions has expired, motion to affirm will be granted, where the record is free from error.

Appeal from Probate Court, Pike County; W. E. Griffin, Special Judge.

Habeas corpus proceedings by Lillie White against N. W. Baxley. From a decree for petitioner, respondent appeals. On motion to affirm. Motion granted and decree affirmed.

BRICKEN, J. Habeas corpus proceedings were filed in the probate court by Lillie White (appellee) against N. W. Baxley (appellant) for the custody of Ruby Clyde Baxley. From a decree awarding the custody to petitioner, respondent appeals.

This case was tried and judgment rendered on November 19, 1917. Appeal was taken on November 20, 1917, and on January 24, 1918, was submitted in this court on motion

to affirm. The appeal is on the record, and the time for filing bill of exceptions has expired. The record is free from error, and the motion to affirm is granted.

Affirmed.

———

(77 South. 984)

HUCKABY v. JACKSON.    (8 Div. 326.)

(Court of Appeals of Alabama.  Feb. 5, 1918.)

MORTGAGES ⊂⇒312(3) — PAYMENT — PENALTY FOR NONSATISFACTION—REQUEST.

Code 1907, § 4898, requiring for penalty nonsatisfaction of record of a mortgage which has been paid, a request to mortgagee, transferee, or assignee is not complied with by request to another as attorney in fact for the mortgagee.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by J. C. Huckaby against J. L. Jackson, to recover penalty under Code 1907, § 4898. Judgment for defendant, and plaintiff appeals. Affirmed.

W. C. Rayburn, of Guntersville, for appellant. John A. Lusk & Son, of Guntersville, for appellee.

SAMFORD, J. The statute (section 4898 of the Code) under which this suit is brought is penal and must be strictly construed. Jarratt v. McCabe, 75 Ala. 325.

Under the section above referred to, the request for satisfaction must be made to the mortgagee or transferee or assignee of the mortgage or trustee or cestui que trust of the deed of trust, and a written notice addressed to and delivered to J. M., attorney in fact for J. L., which says, "You are hereby notified to cancel," etc., is not a notice and demand on J. L. such as is required by the statute (Hallmark v. Hopper, 119 Ala. 78, 24 South. 563, 72 Am. St. Rep. 900; Breil v. Exchange Nat. Bank, 172 Ala. 478, 55 South. 808), but is a notice and demand on J. M., and hence a notice in the following language:

"Dr. J. M. Jackson, Attorney in Fact for J. L. Jackson—Dear Sir: You are hereby notified to cancel the mortgages given by J. C. Huckaby to J. L. Jackson filed January 7, 1905, and Aug. 7, 1905, and found of record in Book 23, page 236, and Book 24, page 117, in the office of the probate judge of Marshall county, Alabama, which have been paid in full. Very respectfully, J. C. Huckaby. I delivered a copy of the above notice to Dr. J. M. Jackson in person. This 5th day of August, 1913. J. C. Huckaby"

—was not admissible in evidence in a suit against J. L. for the statutory penalty.

There being no evidence of a written request from the mortgagor to the mortgagee, as required by the statute, the defendant was entitled to the general affirmative charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.

———

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes