(85 South. 778)

**BUTLER COTTON OIL CO. v. BROOKS.**
(8 Div. 253.)

(Supreme Court of Alabama. April 15, 1920.)

**1. Pleading ⬥⟶46—Summons to be looked to in connection with complaint to determine parties.**

In determining who are parties to a suit, the summons is to be looked to in connection with the complaint, where both are served upon the defendant at the same time.

**2. Pleading ⬥⟶46—Parties determined from summons and complaint.**

A summons addressed to "B. C. Oil Co., successors to B.-K. O. & F. Co.," when considered with the complaint, *held* to sufficiently show that the defendant was the "B. C. Oil Co."

**3. Mortgages ⬥⟶312(4)—Complaint for penalty for failure to satisfy record held insufficient.**

A complaint in an action for penalty for failure to satisfy the record upon payment of a mortgage under Code 1907, § 4898, which averred that the mortgage was made "payable to B.-K. O. & F. Co., and now claimed by B. O. & F. Co. (the defendant) successor to B.-K. O. & F. Co.," *held* not to sufficiently show that defendant was "the mortgagee, or the transferee, or assignee of the mortgage, or trustee or cestui que trust of the deed of trust," such being the only persons embraced within the terms of the statute, as against a demurrer that "it is not averred that defendant is an assignee or transferee of B.-K. O. & F. Co."

**4. Mortgages ⬥⟶312(1) — Statute providing penalty for failure to satisfy record not applicable to successor in business.**

Code 1907, § 4898, providing a penalty for failure to satisfy a mortgage of record after payment and written demand, is highly penal and will be strictly construed, and no one falls within its provisions except such as are expressly embraced within its terms; "the mortgagee or transferee, or assignee of the mortgage, or trustee or cestui que trust of the deed of trust," not including a "successor" in business.

**5. Appeal and error ⬥⟶797(3)—Objection to filing transcript late waived by failure to submit motion.**

A motion to dismiss an appeal on the ground that the transcript was not filed in the office of the clerk within 60 days of the signing of the bill of exceptions, as prescribed by Acts 1919, p. 84, was waived by failure to submit it at the time of the submission on the merits.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by J. W. Brooks against the Butler Cotton Oil Company for penalty for a failure to satisfy the record upon payment of a mortgage. Judgment for plaintiff, and the defendant appeals. Transferred from the

Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The summons read:

You are hereby commanded to summons Butler Cotton Oil Company, successor to Butler-Kyser Oil & Fertilizer Company, to appear at Albertville, Alabama, and plead, answer, or demur, within 30 days from the service hereof, to complaint of J. W. Brooks.

The complaint as amended reads:

J. W. Brooks v. Butler Cotton Oil Company, Successor to Butler-Kyser Oil & Fertilizer.

Plaintiff claims of the defendant two hundred dollars ($200) damages for the failure to enter or have entered satisfaction of a mortgage upon the margin of the record thereof within two months from the time it was requested to do so in writing by said plaintiff, and after the full payment thereof and satisfaction of the amount secured by said mortgage before said notice was given; which said mortgage was executed and delivered by said plaintiff in the year 1913, to wit, on February 19th of said year, and was made payable to the Butler-Kyser Oil & Fertilizer Company, and now claimed by Butler Oil & Fertilizer Company, successor to Butler-Kyser Oil & Fertilizer Company. Said mortgage was recorded in the office of the judge of probate of said Marshall county, on the 28th day of February, 1913, in Mortgage Record No. 37, page 40, and became due on November 1, 1913.

Street & Bradford, of Guntersville, for appellant.

Defendants do not come within the provision of the statute. Section 4898, Code 1907. It is presumed that the various companies mentioned were different entities. 87 Ala. 119, 6 South. 309; 37 Cyc. 512; 138 Fed. 531, 71 C. C. A. 55. The complaint did not state a cause of action. 113 Ala. 402, 21 South. 938; 131 Ala. 219, 31 South. 566.

Rayburn & Wright, of Guntersville, for appellee.

The law looks to the identity of the person or corporation, and when that is established the act is binding upon him or them. 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73. A corporation by its new name is responsible for all the debts and liabilities previously contracted. 14 Corpus Juris, 321; 157 Ala. 595, 48 South. 84; 58 Ind. App. 487, 108 N. E. 532; 78 S. W. 138; 169 Pac. 908; 106 Ala. 591, 17 South. 670.

THOMAS, J. The suit is to recover the statutory penalty provided for failure to satisfy on the records, after payment and written demand, a mortgage given to defendant's predecessor in title. Code, § 4898; Drennen Motorcar Co. v. Evans, 192 Ala. 150, 68 South. 303.

[1, 2] In determining who are parties to a suit the summons is to be looked to in connection with the complaint, since both are served upon the defendant at the same time. Lusk v. Britton, 198 Ala. 245, 73 South. 492. The reporter of decisions will set out the count as last amended. When the summons is considered with the complaint, it is evident who the parties were: J. W. Brooks was the plaintiff, and Butler Cotton Oil Company was the defendant. Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74, 77 (6).

[3, 4] Was the amended complaint by "J. W. Brooks v. Butler Cotton Oil Company, Successor to Butler-Kyser Oil & Fertilizer Company" subject to the grounds of demurrer challenging the complaint as amended? While the count does not aver that defendant Butler Cotton Oil Company was the mortgagee, transferee, or an assignee of the mortgage in question, it avers that the mortgage was made "payable to Butler-Kyser Oil & Fertilizer Company and now claimed by Butler Oil & Fertilizer Company, successor to Butler-Kyser Oil & Fertilizer Company," and that it was requested in writing to enter satisfaction upon the margin of the record of the mortgage and that it had for more than two months thereafter failed so to do. Defendant tested the sufficiency of the complaint as amended by demurrers, grounds of which were: "It is not averred that defendant is an assignee or transferee of Butler-Kyser Oil & Fertilizer Company," and "a successor is not within the terms of this statute." The prima facie presumption under the averment is that "Butler Cotton Oil Company" and "Butler-Kyser Oil & Fertilizer Company" were different business entities. State v. Sloss, 87 Ala. 119, 6 South. 309; Oden-Elliott Lbr. Co. v. Rowe, 201 Ala. 128, 77 South. 552. The statute giving the right of action is highly penal and will be strictly construed. No one falls within its provisions except such as are expressly embraced within its terms, "the mortgagee, or the transferee, or assignee of the mortgagee, or trustee or cestui que trust of the deed of trust." Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708; Scott v. Field, 75 Ala. 419; Jarratt v. McCabe, 75 Ala. 325; Grooms v. Hannon, 59 Ala. 510; Martin v. Walker, 196 Ala. 469, 71 South. 667. It has been declared that the penalty provided in the statute will not be extended to classes and persons not embraced in the penal clause "even where there is a manifest omission or oversight on the part of the Legislature." S. W. B. & L. A. v. Rowe, 125 Ala. 491, 497, 28 South. 484, 486. Cestuis que trustent were not embraced in the statute before the act of 1899 (page 26, § 2). S. W. B. & L. A. v. Acker, 138 Ala. 523, 35 South. 468; Jowers v. Brown Bros., 137 Ala. 581, 34 South. 827; Wilkerson v. Sorsby, supra; Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 South. 729; Huckaby v. Jackson, 16 Ala. App. 372, 77 South. 984. It is not averred that "claim-

ant" was the mortgagee, transferee, or assignee of the mortgagee, nor averred to be a trustee or cestui que trust of a deed of trust. Ita lex scripta est.

How can we know that the Legislature intended more than it has expressed? Brooks v. State, 88 Ala. 122, 126, 6 South. 902; S. W. B. & L. A. v. Rowe, supra, 125 Ala. 497, 28 South. 484; Hamner, Adm'r, v. Smith, 22 Ala. 433. To this inquiry Mr. Chief Justice Chilton makes classic reply in the latter case:

"We may well admire judicial acumen, when exerted to ascertain what the law is, in order that, when ascertained, whether it be good or bad, it may receive from the judge an implicit obedience; * * * there is no principle more dangerous in the administration of justice than that which justifies the resort on the part of the judge to slight, flimsy, unsatisfactory shifts to avoid what he conceives to be an odious rule of law. He may meet the justice of the particular case, but the precedent unsettles the law, and tends to make shipwreck of principle. In a word, the judge becomes the arbitrator, rather than the interpreter of the law. Bouv. Dict. Tit. 'Judge.'"

The complaint against the Butler Cotton Oil Company, the defendant named in the summons and complaint, was subject to demurrer as indicated. Jordan v. N. C. & St. L. Ry., 131 Ala. 219, 31 South. 566; L. & N. R. R. Co. v. Williams, 113 Ala. 402, 21 South. 938; Kirkland v. Pilcher, 174 Ala. 170, 173, 57 South. 46; Norton v. Allaire-Woodward & Co., 185 Ala. 344, 64 South. 609.

[5] Appellant's' motion to dismiss the appeal on the ground that the transcript was not filed in the office of the clerk within 60 days after the signing of the bill of exceptions, as prescribed by the Act of 1919, p. 84, is waived by the failure to submit the motion at the time of submission on the merits.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and McCLELLAN, JJ., concur.