(130 So. 170)

### GLOVER v. HOWELL.

8 Div. 986.

Court of Appeals of Alabama.

June 10, 1930.

Rehearing Denied June 30, 1930.

R. C. Brickell and E. D. Johnston, both of Huntsville, for appellant.

Douglass Taylor, of Huntsville, for appellee.

SAMFORD, J.

The action is to recover the penalty provided by section 9023 of the Code 1923, and was tried by the court without a jury on the following agreed statement of facts:

"That on August 31st, 1920, the plaintiff and his wife, A. R. Glover, executed a mortgage in the sum of $2,000.00 conveying real estate situated in Madison County, Alabama, to A. B. Howell, said mortgage indebtedness being due December 31, 1921; that said mortgage was recorded in the office of the Probate Judge of said county and state in mortgage book 168, page 61, and was recorded before the maturity of said debt, and the record of said mortgage is to be received in evidence on the trial of this cause as though herein set out in full; that on January 3, 1922, plaintiff paid and satisfied said mortgage indebtedness in full; that October 2, 1928, plaintiff mailed to the defendant written notice of request to mark said mortgage satisfied on the margin of the record thereof; that said notice or request was received by defendant on October 3rd, 1928, and that defendant failed, within 30 days after the receipt of said notice or request to mark said mortgage satisfied on the margin of the record; that said written request was signed only by the plaintiff, and not by his wife, who signed the mortgage with him; that on December 4, 1928, there was no suit pending in

which said payment or satisfaction of said mortgage was or could be contested and that no such suit has been instituted since Dec. 4, 1928; that the property conveyed to the defendant by the mortgage was deeded to the plaintiff, John P. Glover."

Notwithstanding the amendment of section 4898 of the Code of 1907 so as to read as it now appears in the Code of 1923, § 9023, we are of the opinion that the amendment does not change the law so as to admit of a recovery without a notice to satisfy the record signed by all of the mortgagors, where the status of the mortgagors respecting the title to the property remains unchanged. The following cases still apply to husband and wife as mortgagors: Wilkerson v. Sorsby, 201 Ala. 182, 77 So. 708; McClendon v. Henderson L. & Dev. Co., 9 Ala. App. 480, 63 So. 811; Jowers v. Brown Bros., 137 Ala. 581, 34 So. 827.

We find no error, and the judgment is affirmed.

Affirmed.