# Grooms *v.* Hannon.

*An Action for Damages for a Failure to Cancel a Mortgage.*

1. *Sections 2222 and 2223 of the Code are highly penal.*—Sections 2222 and 2223 of the Code of 1876, are highly penal, and must be strictly construed. They do not authorize the institution of a suit against the transferee of the mortgage.

2. *When the record shows the plaintiff has no right to recover, an error of the court will not cause a reversal.*—When a complaint contains no substantial cause of action, and shows upon its face that, by no allowable amendment could a judgment be sustained upon it, the errors of the inferior court will not cause a reversal. They are errors without injury.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.
This action was brought by John Grooms against Allen

[Grooms v. Hannon.]

Hannon, to recover from him two hundred dollars for failing or refusing to cancel a mortgage which had been fully satisfied. The plaintiff executed a mortgage on the first day of September, 1865, to John H. Caffey. The mortgage was duly recorded in the office of the judge of probate of Montgomery county, and was afterwards transferred to the defendant. Subsequently, the defendant received full payment of the amount due on the mortgage, and was requested to cancel the said mortgage; to enter the satisfaction, as repeatedly requested, the defendant refused.

On the trial of the case, the plaintiff offered evidence tending to show, that the defendant was the transferee of the mortgage. This was excluded by the court. The plaintiff excepted, and took a non-suit. He then moved to set aside the non-suit, on the ground that the court erred in excluding evidence which showed the defendant was the transferee of the mortgage. This motion was overruled, and the defendant excepted.

GEO. W. TOWNSEND for appellant.—1. A strict construction of the law would require the action to be brought against the person only who has the power to discharge the mortgage, whether he be mortgagee, assignee, or transferee, or other holder of the mortgage.—2 Jones, Mort. §§ 989, 990 ; 34 Mo. 518 ; 30 Mich. 8.

2. The intention of the Legislature is obvious. It is to compel entry of satisfaction, and remove thereby all cloud from the title of the property. It imposed this duty on the person legally capable of making the entry—upon him who has the power "to receive the satisfaction of the amount secured by such mortgage. The appellee is the only person who could rightfully receive payment, and the only person who could discharge the mortgage or "enter satisfaction upon the margin of the record thereof."

3. The owner of the mortgage, while enjoying his rights under the same, has certain duties to perform. These duties are imposed by the statute, and by his failure to obey it he has incurred the penalty.

LESTER C. SMITH, for appellee.—1. The statute under which this action was brought is highly penal, and must be strictly construed. The penalty is pronounced against the mortgagee, and does not mention the assignee or transferee of the mortgage.—6 Wis. 497 ; Bish. Cr. Law, § 114. A mortgagee is defined by Bouvier to mean " one to whom a mortgage is

[Grooms v. Hannon.]

made." When a word has a particular legal signification, it must, in the absence of other controlling circumstances, be given that meaning when used in a statute.—Bish. Stat. Crime, § 97.

2. It never was the intention of the legislature to inflict this penalty upon the transferee of a mortgage, because he is not embraced in its terms. Other States have statutes on this subject similar to our own ; and the Supreme courts of Wisconsin, Minnesota, Missouri and California, have all held that an assignee, or transferee, is not liable for the penalty, unless expressly included in the terms of the statute.

STONE, J.—The statute under which this suit was brought is highly penal.—Code of 1876, §§ 2222–3. The penalty is denounced against the *mortgagee,* who fails to enter satisfaction on the mortgage, under the circumstances shown in the statute. To recover a statutory penalty, the party complaining must bring himself within the letter of the statute ; for such statutes are construed strictly.—*Fairly v. Davis,* 6 Ala. 375; *Russell v. Irby,* 14 Ala. 131; *Jones v. Brooks,* 30 Ala. 588; *Connoly v. A. & T. Rivers R. R.* 29 Ala. 373; 2 Brick. Dig. 464, § 6; Authorities on brief of counsel. The statute does not authorize the institution of a suit against the transferee of the mortgage.

The remedy in this case being statutory and penal, and the complaint showing on its face that the action is improperly brought against a person who is in no sense liable, the complaint does not contain a substantial cause of action. Code of 1876, § 3158. Under no allowable amendment or change of pleadings can this action be maintained. A judgment recovered in this suit, would have been arrested or reversed on error. Hence, no matter what rulings the City Court made against the plaintiff below, it was, at most, error without injury. For such error this court will not reverse. 1 Brick. Dig. 780, § 96.

Affirmed.