# Scott v. Field.

*Action against Mortgagee to recover Statutory Penalty for Failure to enter of Record Satisfaction of Mortgage.*

1. *Action to recover penalty for failure to enter satisfaction of mortgage ; when mortgagee not estopped from denying satisfaction.*—In an action against a mortgagee to recover the penalty provided by the act of March 1st, 1881, amending sections 2222-23 of the Code of 1876, for failure to enter of record satisfaction of a mortgage (Pamph. Acts, 1880-1, p. 32), the defendant is not estopped from denying that the mortgage had been satisfied, by reason of the fact that he had not, within three months after the request to enter satisfaction, commenced a suit involving that question, and, at the time of the request, no such suit was pending.

2. *Same ; how right of recovery affected by usury.*—If the mortgage debt is usurious, and the mortgagor had fully paid the principal before making the request for entry of satisfaction, and of that fact there is no real ground of contestation, no reason for substantial doubt, the mortgagee can not withhold the entry of satisfaction, because the nominal amount of the debt, including the stipulated interest, had not also been paid.

APPEAL from Blount Circuit Court.

Tried before Hon. LeRoy F. Box.

Jason Scott commenced this action on 12th January, 1883, against Abijah E. Fields, to recover the statutory penalty of two hundred dollars for the alleged failure of the defendant to enter of record satisfaction of a chattel mortgage executed by the plaintiff to the defendant on the 14th February, 1881. The cause was tried on the plea of the general issue, the trial

[Scott v. Field.]

resulting in a nonsuit by the plaintiff, with a bill of exceptions.

After proof of the execution and registration of the mortgage had been made, evidence was introduced tending to show that the mortgage was executed to secure a note described therein for $75, the consideration of which was that amount advanced to the plaintiff by the defendant, "for which the plaintiff agreed to pay the defendant, at the maturity of said note, the sum of $100 ;" and also additional advances which the defendant agreed to make to the plaintiff ; and that after the maturity of the note and the law-day of the mortgage, the plaintiff paid to the defendant the $75 for which the note was given, and the amount of additional advances secured by the mortgage, but that he had not paid the "interest" on the note "agreed to be paid." It was further shown that the plaintiff had duly requested in writing that satisfaction of the mortgage should be entered on the record ; that the defendant had failed to make such entry ; and that, "at the time of the service of the written request, nor within three months thereafter, there was not a pending suit between said parties, involving the fact whether the defendant, as mortgagee, had received satisfaction of the debt secured by said mortgage."

This being the substance of the evidence introduced on the trial, the court charged the jury, *ex mero motu,* "that unless the evidence showed them that the plaintiff had paid to the defendant an amount of money, or other things of value, sufficient to satisfy the claim of defendant against plaintiff, both for the money advanced, and the goods sold him under the contract, and the amount of interest agreed to be paid by said plaintiff for the money advanced, the amount secured by said mortgage would not be paid, and they must find for the defendant." To this charge, and to the refusal of the court to give charges requested by him, which are sufficiently set out in the opinion, the plaintiff excepted.

The rulings above noted are here assigned as error.

Joɪɴ A. Lusk, for appellant.—(1) The court erred in the charge given by it *ex mero motu.* The rule that usury is only available in *defense* of an action, is not applicable to this case. (2) The court erred in the refusal to give the charges requested. The defendant was estopped from denying the payment of the debt secured by the mortgage, by his failure, for the space of three months after the service of the notice to enter satisfaction upon the record, to bring suit involving the question, whether he had been paid the mortgage debt, there having been no suit pending at the date of the notice. This point discussed, with citation of following authorities: 29 Kansas, 304; 26 Iowa, 180 ; 31 Cal. 148 ; Herm. on Chat. Mortg. 411.

[Scott v. Field.]

C. F. HAMILL, *contra.*—(1) It is settled that usury must be specially pleaded; and it is equally as well settled in this State, that the taint of usury does not vitiate a contract, and that a promise to pay usury is not void.—*Bradford v. Daniel*, 65 Ala. 133 ; *Masterson v. Grubbs*, 70 Ala. 406. In this case the question of usury is not raised by the pleadings. (2) The statute, as amended, expressly provides that it is only after *payment* and request, an action will lie. It does not *require* any suit by the mortgagee. He may sue or not as he pleases. If he sues within the time prescribed, an action can not be maintained by the mortgagor against him for the penalty provided by the statute. If he does not sue, the burden is still on the mortgagor to prove *satisfaction*, request to enter the same, and a failure to do so by the mortgagee, before a recovery can be had by him.


BRICKELL, C. J.—The action is founded on the amendatory statute approved March 1, 1881 (Pamph Acts, 1880–81, p. 32), subjecting a mortgagee, or the assignee or transferee of a mortgage, having received "satisfaction of the amount secured by such mortgage," to a penalty of two hundred dollars, if, for three months after request in writing by the mortgagor, he fails to enter satisfaction of such mortgage upon the margin of the record thereof, unless, when such request is made, or within said three months, there is a pending suit between the parties involving the fact, whether such mortgage has been satisfied. It will be observed, the statute materially changes the pre-existing statute, forming sections 2222-23 of the Code of 1876. First, a request in writing is now essential to place the mortgagee, transferee, or assignee in default, and subject him to the penalty ; a verbal request was sufficient under the former statute. Second, the penalty can not be incurred, if, when the request is made, there is between the parties a suit pending, involving the fact of satisfaction, or if there is, within the period of three months thereafter, the commencement of suit involving the fact. The pendency of such suit prevents the incurring of the penalty, whether the suit is well or illy founded, and whether it is instituted by the mortgagor, or by the mortgagee, or transferee, or assignee. Either may institute a suit, which will involve the fact. The mortgagor may resort to equity for a redemption, or for a cancellation of the mortgage and a reconveyance ; or the mortgagee may file a bill for foreclosure, or may sue at law for the recovery of the mortgage debt, or if the subject of the mortgage is land, and the mortgagor is in possession, may sue for the recovery of the possession; or if the subject is chattels, may sue in trover or detinue for their recovery ; and these remedies, legal and

[Scott v. Field.]

equitable, he may maintain concurrently. The pendency of any of such suits is a fact which prevents, absolutely, the incurring of the penalty; but under the former statute, that was not the force and operation of such a suit, whatever effect, as matter of evidence, in determining the good faith of a refusal to make the entry of satisfaction, could have been accorded to it. The former statute subjected only the mortgagee who had received satisfaction to the penalty, if there was refusal to make the acknowledgment thereof upon the record. The assignee or transferee of the mortgage was not in any event liable to the penalty.—*Grooms v. Hannon*, 59 Ala. 510. The changes wrought by the amendatory statute are obvious, and there is no reason or room for a construction which will extend them beyond the plain signification of the terms in which they are expressed.

The second instruction requested by the appellant affirms that, if the mortgagee does not, within three months after the request to enter satisfaction, commence a suit which involves the fact, and at the time of the request there is not such a suit pending, he is estopped from denying the fact of satisfaction in an action for the recovery of the penalty. The statute is not capable of a construction which will sustain this proposition. The penalty can not be incurred, in any event, unless there has been payment of the mortgage debt, or, in the words of the statute, which are equivalent, "of the amount secured by the mortgage." If there has not been payment of that amount, there is no duty of entering satisfaction imposed by this statute. The purpose of the statute is, that there shall be upon the record an acknowledgment of equal publicity with the record itself, that the mortgage is satisfied; that it is not longer an available security, or an incumbrance upon the title of the mortgagor. The institution of suit involving the fact of satisfaction, if the fact is matter of dispute, of which each party is cognizant, is not more the duty, moral or legal, of the one party than the other. It would seem, if there was real, honest disputation of the fact, that it would quicken the diligence of the mortgagor in resorting to appropriate remedies for a cancellation and reconveyance, or for redemption, settling the controversy, quieting his possession, and removing the cloud from his title. The neglect of the mortgagee to institute suit does not subject him to the penalty, which can not be incurred, unless payment of the mortgage debt has been made, and the burden of proving that fact rests upon the mortgagor claiming the penalty. The like proposition is embodied in the third instruction requested by the appellant. There was no error in the refusal of these instructions.

The statute is penal and must be strictly construed.—*Grooms*

*v. Hannon, supra.* It is not intended that the penalty shall be paid by a mortgagee, or transferee, or assignee, who, in good faith, having, as he may suppose, real, substantial grounds for a contestation of the fact of satisfaction, refuses to make the entry.—2 Jones' Mort. § 991. Whether the refusal is in good faith, because of room for substantial doubt, the jury must determine, if there be evidence tending to show it. But he can not refuse from mere wantonness, nor can he withhold the entry, that he may compel the mortgagor to submit to an unjust, illegal exaction. The evidence tends to show that intentional usury infected the mortgage debt. If that be true, and the mortgagor had fully paid the principal before making the request that satisfaction be entered—if of that fact there was no real ground of contestation, no reason for substantial doubt, the mortgagee could not withhold the entry, because the nominal amount of the debt was not paid. The real amount secured by the mortgage was the just debt, that which the mortgagor was legally liable to pay. The circuit court, of consequence, erred in the affirmative instruction given the jury; and for the error the judgment must be reversed and the cause remanded.