UNITED STATES v. HARRIS et al.

(District Court, E. D. Pennsylvania. January 29, 1897.)

CARRIERS—TRANSPORTATION OF LIVE STOCK—RAILROAD RECEIVERS.
　　Rev. St. § 4388, imposing a penalty for violation of the statute relating to the transportation of live stock upon "any company, owner, or custodian of such animals," does not apply to receivers of a railroad appointed by a court to control and manage the road.

This was an action by the United States against Joseph S. Harris, Edward M. Paxson, and John Lowber Welsh, receivers of the Philadelphia & Reading Railroad Company, to recover a penalty

for the alleged violation of Rev. St. § 4388, relating to the transportation of live stock. The case was heard on a rule for judgment on a point reserved.

James M. Beck, U. S. Atty., and Francis F. Kane, Asst. U. S. Atty.

John G. Lamb, for defendants.

BUTLER, District Judge. The defendants are sued under section 4388 of the Revised Statutes, charged with willful disregard of the law relating to the transportation of live stock. The section provides that "any company, owner or custodian of such animals who knowingly and willfully fails to comply with the provisions of the two preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars." The construction of the statute, and the proceeding under it are governed by the rules of the criminal law, as fully as if the proceeding was by indictment. The exclusive purpose of the section is to inflict punishment. Those named as liable to such punishment are the railroad company and the owners and custodians of the animals. The defendants here sued are neither. What reason therefore is there for supposing that the suit can be maintained? The language must receive a strict construction, confined to its obvious import. U. S. v. Hartwell, 6 Wall. 395; U. S. v. Wiltberger, 5 Wheat. 76; Grooms v. Hannon, 59 Ala. 510; Com. v. Wells, 110 Pa. St. 463 [1 Atl. 310]. No straining, however desperate, would be adequate to make the terms embrace the defendants. They are simply the court's officers, appointed to execute its orders. The property is in custody of the court and is controlled and managed by it, through these officers. It would be immaterial to say that in this view no one can be punished under the section during such custody, if it were true. It would not be true, however, for the owners, as well as those in direct charge of the stock, may be so punished during such custody. If others also should be punished congress should provide for it. The instances cited by the prosecution in which courts have enforced the interstate commerce law, and other statutory provisions relating to the management of railroads and their property, generally, while in custody of the law, are equally immaterial. Such cases bear no relation to this. Of course courts will enforce observance of these provisions in their management of the property and business, when attention is called to the subject. The question whether a criminal proceeding may be prosecuted to punish their officers under the section in question, is a totally different one. If it be said the intention is not to punish these officers, then who is intended to be punished? Certainly not the company and stockholders, from whose control the road was taken, and who are not sued in consequence. Surely it is not intended to punish creditors, who had no possible connection with the matter complained of. The courts permit suits to be brought against such officers for debts, or other liabilities incurred, as a means merely of ascertaining the amount due; but

judgments recovered even in such cases can only be enforced by consent and direction of the court.

The defendants' rule for judgment notwithstanding the verdict is made absolute.