# Smith, *et al. v.* Bank of Enterprise.

*Action for Penalty for Failure to Enter Satisfaction of Mortgage.*

(Decided Nov. 15th, 1906. 42 So. Rep. 551.)

1. *Mortgage; Failure to Enter Satisfaction; Penalty; Payment.*— The burden is on the mortgagor to show that the mortgage has been fully paid before he is entitled to the statutory penalty for failure on demand, in writing, to enter payment or satisfaction on the margin of the record. The maxim, "*de minimis non curat lex*" does not apply.

2. *Same; Action for Penalty; Evidence; Directing Verdict.*—The statement of a witness that "there was nothing due upon said mortgage, but the same had been paid as above stated."

he having testified that he had paid in full the principal and interest of the note secured, must be referred to his previous statement, and does not show that the recording fee had been paid by the mortgagor, as provided in the mortgage, nor did it raise such a conflict in evidence as to deny to the defendant the affirmative charge on the ground that plaintiff had not proved payment in full.

APPEAL from Coffee Circuit Court.

Heard before HON. H. L. MARTIN, Special Judge.

Action by J. M. Smith and others against the Bank of Enterprise. From an affirmative charge for defendant, plaintiffs appeal.

J. F. SANDERS, for appellant.—No brief came to the reporter.

SOLLIE & KIRKLAND, for appellee.—No brief came to the reporter.

WEAKLEY, C. J.—The suit is brought to recover the statutory penalty for an alleged failure, upon demand in writing, to enter the fact of payment or satisfaction upon the margin of the record of the mortgage described in the complaint within the time prescribed by the statute. To entitle plaintiff to recover it was necessary to show to the reasonable satisfaction of the jury that the mortgage had been fully paid. No matter how small the balance due, if anything whatever on account of the indebtedness or obligation secured by the mortgage remained unpaid, the mortgagor would not be entitled to have satisfaction entered, nor to recover the penalty for failure to comply with the demand. In such a case the maxim *"De minimis non curat lex"* does not apply.

By the terms of the instrument the mortgagors agreed to pay the cost of recording the mortgage. It was recorded, as the mortgagors must have known, since they demanded its satisfaction of record; and the defendant's witnesses testified that the recording fee charged by the probate judge was still due on the mortgage. There is nothing in the record to show a waiver of payment of the item. Statements in the brief of appellant's coun-

[McGeever v. Harris and Sons.]

sel that the recording fee claimed was not brought to the attention of one of the plaintiffs when he made his payment, and that the bank officers made no insistence that it was due, but insisted that another charge of a different nature made up the balance claimed, are all outside of the record, finding no support in any recital or testimony contained in the bill of exceptions. We do not interpret the evidence of the witness for the plaintiff as tending to show payment of the recording fee, nor as presenting a conflict of evidence upon the question whether said fee had been paid. The witness says there "was nothing due upon said mortgage, but the same had been paid as above stated"; the reference being to his previous statement that he had paid in full the principal of the note secured and legal interest due upon same. The general statement as to nothing being due must be construed in connection with the explanation as to what had been paid. It thus appears the witness had not paid, nor does he claim to have piad, the recording fee. In this state of the evidence, the defendant was entitled to the affirmative charge (which the court gave at its request in writing), without regard to the other controverted questions argued by counsel for appellants.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.