# McClendon *v.* Henderson Land & Development Co.

*Failure to Satisfy Mortgage on Record.*

(Decided November 25, 1913.  63 South. 811.)

1. *Mortgages; Failure to Satisfy Record; Demand.*—Where a wife joins her husband in a mortgage on real estate she must join him in demanding that the mortgagee enter satisfaction on the record of the mortgage before an action against the mortgagee for the penalty prescribed by section 4898, Code 1907, can be brought; she having an interest in the real estate which may be jeopardized by an unsatisfied mortgage fully paid.

2. *Same; Action; Parties.*—Section 4898, Code 1907, must be strictly construed, and where there is more than one mortgagor, the right of action for a failure to satisfy the record is joint and both mortgagors must join in the demand.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Charles McClendon against the Henderson Land & Development Company, for the statutory penalty for a failure to satisfy the record of the mortgage. Judgment for defendant and plaintiff appeals. Affirmed.

HOOD & MURPHREE, for appellant.  The complaint shows that the wife had no interest in the mortgaged property and joined in the mortgage solely for the purpose of barring her claim of homestead and dower rights, and she was not a necessary party to the notice or party to the suit. This allegation differentiates this case from the case of *Jowers v. Brown,* 137 Ala. 581,

[McClendon v. Henderson Land & Development Co.]

and entitles the plaintiff to maintain the action under the statute.—Sec. 4898, Code 1907.

GOODHUE & BRINDLEY, for appellee. The case of *Jowers v. Brown*, 137 Ala. 581, is conclusive of the case at bar, and the lower court is not in error in following it.

THOMAS, J.—This suit was brought by the appellant to recover of appellee the statutory penalty, provided by section 4898 of the Code, for a failure to enter upon the margin of the record of a mortgage the fact of its satisfaction and payment. It appears from the averments of the complaint, among other things, that, while the mortgage mentioned was executed by both the appellant and his wife, yet the request in writing made on appellee to enter of record the fact of its payment, was made only by the appellant, his wife not joining therein. It is further alleged in the complaint, however, that the property embraced in the mortgage was the sole property of the plaintiff (appellant), and that his wife "had no interest therein" but "joined in the execution of the mortgage merely for the purpose of barring herself of asserting against the mortgagee any claim of homestead or dower rights in the property." The demurrers filed by defendant to the complaint raise for consideration here the sole question as to whether or not, under the facts disclosed by the complaint, it is necessary to a cause of action under the statute cited that the wife should have joined in the request for the satisfaction of the mortgage.

We are of opinion that the lower court was correct in holding that she should. We think the case of *Jowers v. Brown*, 137 Ala. 582, 34 South. 827, conclusive of the question. This case is sought to be differentiated from that by the allegation in the complaint here, as

noted, that the wife had no interest in the property, except dower and homestead, whereas it is urged by counsel for appellant that in the *Jowers Case* the presumption is, the record not showing to the contrary, that she owned the legal title either wholly or in part at least. Assuming such presumption to be true, we are not of opinion that the difference in fact between the two cases is such as to make a difference in the legal principles governing or applicable to them. While it is true that the wife has no title to the husband's real estate, yet she has a right or interest in it—homestead and inchoate dower—created by law, which the law recognizes as valuable and which it safeguards and protects by preventing its being taken from her except with her consent, to be evidenced by joining in the execution of the paper with the husband, etc. And while it is further true that this right or interest is not such as may form the basis of a security for a debt or of credit extended her, and hence an unsatisfied mortgage against it would not detrimentally affect her future credit as it would that of the husband, in whom resides the legal title to the property, yet such an unsatisfied mortgage, though fully paid, might and could jeopardize this right or interest which she has in the property. Should the husband who has paid the mortgage, and who alone has knowledge of this fact outside of the mortgagee, fail to take up the paper upon such payment, or a receipt in full against it, or should he do one or the other, but lose or misplace the canceled paper or the receipt against it, and then die before the mortgage has been marked "satisfied" on the record, the wife, whose interest in the property was before inchoate and then became consummate, could be put to much trouble, and perhaps defeated, in asserting her rights of dower and homestead against a mortgagee who was disposed not to vol-

unteer a statement that the mortgage had been paid. She has, then, contrary to the allegations of the complaint, an interest in the property, and one, too, that is safeguarded by having the settled mortgage marked canceled on the record.

The statute (Code 1907, § 4898) creating against the mortgagee the right of action for his failure to do so on demand is a penal one, in derogation of common law, and is to be strictly construed.—*Coffman v. Henderson, Infra,* 63 South. 808; *Groons v. Hannon,* 59 Ala. 510; *Jarrett v. McCabe,* 75 Ala. 325; *Scott v. Field,* 75 Ala. 419. It requires that the demand upon him to make the entry shall be made by "the mortgagor," etc. The singular means, of course, the plural, when there is more than one mortgagor, for the right of action given in their favor is joint and not individual, affording, not damages to each, but one penalty to both, or to all of them, jointly. Both must make the demand, and both must join as plaintiffs in the action.—*Jowers v. Brown, supra.*

The judgment of the lower court is affirmed.

Affirmed.