# Mayhall *v.* Woodall.

*Penalty for Failure to Satisfy Mortgage Record.*

(Decided April 15, 1915.   68 South. 322.)

*Mortgages; Satisfaction; Penalty.*—The statute relating to penalty for failure to satisfy mortgage record is highly penal, and to be strictly ·construed, and in suits to enforce the same, the maxim de minimis, etc., does not apply; hence, although plaintiff received his note upon payment of a certain sum, yet this is only prima facie evidence of payment in full, and when in fact, interest amounting to 14 cents was due on the note, but was not paid, the mortgagor was not entitled to recover the statutory penalty of the mortgagee for a failure to satisfy the record of the mortgage in full after request in writing.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. W. Mayhall against Joe Woodall for the penalty for failure to satisfy in· full the record of a mortgage. Judgment for defendant and plaintiff appeals. · Affirmed.

Transferred from Court of Appeals under the statute creating such court.

WILLIAM C. RAYBURN, for appellant.

STREET & ISBELL, for appellee.

SAYRE, J.—Mayhall sued Woodall in three counts to recover statutory penalties for failing, after payment and within two months after request in writing, to enter satisfaction of three separate mortgages executed in 1911, 1912 and 1913. It was conceded that all these mortgages secured the same debt, the security being renewed from year to year. The last was for the sum of $37.90, which sum was due and payable November

[Mayhall v. Woodall.]

1, 1913. On November 17th, Mayhall went to Woodall, paid him the sum of $37.90 and received his note. At that time Mayhall gave Woodall notice to satisfy the records of these mortgages, but it was disputed whether the notice was merely verbal or in writing, as the statute requires. Woodall delayed for five days more than two months to enter satisfaction. Nothing was said about interest, but under the law interest to the amount of 14 cents was due on November 17th, and was not paid. No receipt, release, discharge in writing was given. Between that date and the time when satisfaction was entered of record Mayhall's possession of the note was only prima facie evidence of payment in full. It results from the undisputed facts that the debt was not paid in full, and Mayhall was not entitled to recover $600 for which he sued. These 14 cents were a small thing, but for the service they render they are not to be despised. The statute creating the remedy sought is highly penal, and is to be strictly construed. In suits to enforce it the maxim "de minimis" does not apply. In this state of the law and the undisputed facts Woodall was entitled to the affirmative charge—which the court would have given, had it been requested so to do—without regard to the other questions which have been argued.—*Smith v. Bank of Enterprise,* 148 Ala. 501, 42 South. 551.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.