(77 South. 708)

WILKERSON v. SORSBY et al. (6 Div. 670.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

1. MORTGAGES ⬦312(2) — SATISFACTION — PENALTY—STATUTE.

Code 1907, § 4898, prescribing a penalty for failure to mark "satisfied" the record of a mortgage, is highly penal, must be strictly construed, and cannot be extended by implication.

2. MORTGAGES ⬦312(3) — MARKING SATISFACTION OF RECORD—PENALTY FOR FAILURE. —STATUTE.

Under Code 1907, § 4898, prescribing a penalty for failure to mark "satisfied" the record of a mortgage, a wife, the survivor of herself and husband, mortgagors, who had the property embraced in the mortgages set apart to her as exempt as her deceased husband's homestead, could not recover from the mortgagee or his

assignees the penalty prescribed by the statute; she alone having served notice in writing to satisfy the mortgage, and there being no provision for notice by heir or representative.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit by Hattie C. Wilkerson against J. K. Sorsby and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Hattie C. Wilkerson, formerly Hattie E. Cash, and her husband, John W. Cash, executed two mortgages in the year 1905 on certain real estate situated in Jefferson county to the King Lumber Company. The husband, John W. Cash, died in January, 1906. Subsequently the widow, appellant here, and plaintiff in the court below, through appropriate proceedings in the probate court had the property embraced in said mortgages set apart to her as exempt under the statute as the homestead of the decedent at the time of his death. The evidence shows that by such proceedings the title thereto vested absolutely in the widow; it being all the property owned by the deceased. On March 1, 1916, notice in writing was served upon the defendants to satisfy the said mortgages; the same being given by the attorneys of said plaintiff, formerly Hattie E. Cash. The mortgages were not satisfied as of record within the time required by the statute, and the said Hattie C. Wilkerson, formerly Hattie E. Cash, brings this suit to recover the penalty of said mortgagee, or his assignees. The affirmative charge was given for the defendants, and plaintiff prosecutes this appeal.

Goodwyn & Ross, of Bessemer, for appellant. W. M. Woodall and Edward Jenkins, both of Birmingham, for appellees.

GARDNER, J. Suit by the appellant for recovery of the statutory penalty provided by section 4898 of the Code of 1907 for the failure to mark "satisfied" the record of two certain mortgages executed by the plaintiff, who was formerly Hattie E. Cash, and her husband, John W. Cash, in the year 1905. The husband died in the year 1906. Requests for the satisfaction of the mortgages were given by said plaintiff in March, 1916. It was held in the court below that, as the undisputed evidence shows, there were two mortgagors, and the request for the satisfaction of the record was made by only one; therefore the plaintiff had no cause of action. This is the sole question presented for determination here.

[1] The statute creating the remedy here sought is highly penal, is to be strictly construed, and cannot be extended by implication. It has heretofore been held by this court that where the mortgage is executed by two mortgagors, the request to enter satisfaction must be made by both of the mortgagors, and not by one of them alone; that the right to ask for the penalty is a joint one given to both of the mortgagors, who are required to join in the action for recovery.

In Jowers v. Brown, 137 Ala. 581, 34 South. 827, it was held that although the suit for recovery of the penalty was brought by J. M. Brown, who signed his own name and also that of his wife to the request, and suit was brought in the name of both, yet there could be no recovery for the reason that the wife had not signed the request; and the evidence failed to show that the husband had signed the name of the wife as her agent or with her knowledge or consent to the request. The affirmative charge was held as being properly given for the defendant. In this holding the court followed the earlier case of Jarratt v. McCabe, 75 Ala. 325. See, also, McClendon v. Henderson Land & Dev. Co., 9 Ala. App. 480, 63 South. 811. In S. W. Bldg. & Loan Ass'n v. Rowe, 125 Ala. 491, 28 South. 484, it was held that the courts will not extend the penalty provided therein to classes of persons "not embraced in the penal clause, even where there is manifest omission or oversight on the part of the Legislature. We cannot know that the Legislature intended more than they had expressed." There it was held that although in a portion of the statute the cestui que trust of a deed of trust to secure a debt was named as one upon whom the duty was placed to enter upon the margin of the record the date of the partial payment or payments, yet, in the provision of the statute wherein the penalty is prescribed for its violation, the cestui que trust is not named. It was held, therefore, that such cestui que trust was not liable, as against him no forfeiture or penalty is directed by the statute. This case was reaffirmed in S. W. Bldg. & Loan Ass'n v. Acker, 138 Ala. 523, 35 South. 468. In one of our earliest cases (Grooms v. Hannon, 59 Ala. 510), speaking of this statute, it was said:

"To recover a statutory penalty, the party complaining must bring himself within the letter of the statute, for such statutes are construed strictly."

There it was held that the statute did not authorize the institution of a suit against the transferee of the mortgage. In our recent case of Mayhall v. Woodall, 192 Ala. 134, 68 South. 322, the evidence shows there was a balance due on the mortgage of 14 cents, but it was held that in suits to enforce the penalty the maxim "de minimis" had no application, following the case of Smith v. Bank of Enterprise, 148 Ala. 501, 42 South. 551, where the plaintiff was not entitled to recover because the proof showed that he had failed to pay the recording fee of the mortgage, which was made a part of the debt.

[2] The statute here under consideration provides for the requests in writing to be given by the mortgagor, or of a judgment, or other creditor of the mortgagor having a lien or claim on the property mortgaged, or of a purchaser, but omits any reference to

an heir or descendant of the mortgagor, and specifically provides that the right of action should be .considered a "personal right." Had John W. Cash been the sole mortgagor, there is no provision in this statute whereby his heir could have made the request for satisfaction of the record and maintained a suit under the statute for the recovery of this penalty. Under the statute and decisions of this court, where there are two mortgagors each must sign the request and bring the suit, as it is a joint action. The mere fact that subsequent to the death of her husband, the plaintiff had the property set apart to her as exempt, and became the owner thereof, is of no avail to her in this action, which, as above stated, is the enforcement of a "personal right."

We have referred to some of our cases for the purpose of showing with what strictness the statute has been construed from its earliest history, and that to show a right of recovery a plaintiff must bring himself within the letter of the statute. The plaintiff in the instant case clearly does not come within this letter. If this is a contingency which the lawmaking body has overlooked, it is an oversight which we are not permitted under the strict rule of construction to supply by implication. The statute is in derogation to the common law, strictly penal in its nature, and its deficiencies, if any, must be supplied by the lawmaking power.

We are therefore of the opinion that the plaintiff failed to establish a right of action, and the judgment will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.