(97 South. 689)

BRIGHT et al. v. WYNN et al. (6 Div. 971.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Mortgages ⟨key⟩312(4)—Complaint in action for statutory penalty for failure to enter satisfaction, held not demurrable.

A complaint in an action to recover the statutory penalty under Code 1907, § 4898, for failing to mark "satisfied" on the record of a real estate mortgage which alleged the execu-

tion of the mortgage, its recordation and transfer to defendants and payment in full and written requests, two months before the action for the satisfaction, held not subject to the general demurrer on the grounds that it failed to state a cause of action, or that it improperly joined two defendants, or that it was too vague, uncertain, and indefinite.

2. Pleading ⟨key⟩201 — Demurrer to complaint held too general.

A demurrer to a complaint on the grounds that it failed to state a cause of action; that it joined two defendants who had no joint interest in the suit; that it was too vague, uncertain, and indefinite, held too general under Code 1907, § 5340, to put the court in error for overruling it.

3. Mortgages ⟨key⟩312(2) — Statute authorizing penalty for failure to enter satisfaction strictly construed.

Code 1907, § 4898, authorizing a penalty for failure to enter a satisfaction of mortgage being penal must be strictly construed, and to warrant recovery defendants must be either the mortgagees or their transferees or assignees.

4. Executors and administrators ⟨key⟩49—Notes and mortgage held by descendant are personal assets of the estate title to which vests in the administrator.

Upon the death of a mortgagee, notes and a mortgage securing them are personal assets of the estate, title to which vests in the administrator, when appointed, with power and authority to collect the debt or transfer and assign the notes and mortgage.

5. Mortgages ⟨key⟩312(4)—Burden on plaintiff seeking to recover statutory penalty for failure to enter satisfaction stated.

In an action under Code 1907, § 4898, for the statutory penalty for failure to enter the satisfaction of a mortgage, the burden of proof rests upon plaintiff to show prima facie, at least, that defendants are the mortgagees or transferees or assignees of the mortgagees, or of those claiming legally under them.

6. Mortgages ⟨key⟩312(4)—Evidence of transfer in action for statutory penalty for failure to enter satisfaction held erroneously admitted.

In an action under Code 1907, § 4898, for the statutory penalty for failure to enter satisfaction where plaintiffs introduced evidence of mortgage, executed to them by one A. E. F., held that it was error to admit evidence of a transfer of such mortgage by Mrs. A. M. F. to one defendant and by him to his codefendant, there being no showing of ownership in Mrs. A. M. F., other than the fact of the death of the mortgagee.

7. Mortgages ⟨key⟩312(4)—In action for statutory penalty for failure to enter satisfaction, general affirmative charge for defendants held warranted.

In an action to recover the statutory penalty for failure to enter satisfaction, where the evidence did not establish that defendants were either the mortgagees or transferees or assignees, held that the general affirmative charge with hypothesis for defendants should have been given.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by Jonas Wynn and G. A. Wynn against J. M. Bright and D. O. McKoy. From a judgment for plaintiffs, defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Defendants demurred to the complaint on these grounds: That it fails to state a cause of action; that it joins two defendants who have no joint interest in the suit; that it is too vague, uncertain, and indefinite.

Ward, Nash & Fendley, of Oneonta, for appellants.

The complaint fails to show no cause pending, and thus fails to state a cause of action. Parker v. Boutwell, 119 Ala. 297, 24 South. 860; Scott v. Fields, 75 Ala. 419; Livingston v. Cudd, 121 Ala. 318, 25 South. 805; Gay v. Rogers, 109 Ala. 629, 20 South. 37. Bright having transferred the mortgage to McCoy, no judgment could be rendered against him, and he was entitled to the affirmative charge. Royal Lbr. Co. v. Elsberry, 185 Ala. 462, 63 South. 785. There was no legal transfer of the mortgage to defendants. Code 1907, § 4898; Butler Cot. Oil Co. v. Brooks, 204 Ala. 195, 85 South. 778.

Russell & Johnson, of Oneonta, for appellees.

A demurrer must specify the defect. Code 1907, § 5340. Appellees claimed to be the owners of the mortgage, and accepted payment of same, and are estopped to say the transfer was not legal. Morris v. Alston, 92 Ala. 502, 9 South. 315; Larkin v. Mead, 77 Ala. 485; Bain v. Wells. 107 Ala. 562, 19 South. 774; Leinkauff v. Munter, 76 Ala. 194; Prickett v. Sibert, 75 Ala. 315; Richards v. Shepherd, 159 Ala. 663, 49 South. 251; Nelson v. Kelly, 91 Ala. 575, 8 South. 690.

MILLER, J. This is a suit by Jonas Wynn and G. A. Wynn against J. M. Bright and D. O. McKoy to recover the statutory penalty under section 4898 of the Code of 1907 for failing to mark satisfied on the record of a real estate mortgage. The jury returned a verdict in favor of the plaintiffs, and from a judgment thereon by the court this appeal is prosecuted by the defendants, and each separately and severally assign errors.

[1, 2] There is only one count in the complaint. It avers plaintiffs executed a mortgage on real estate to one A. E. Fields on ——— day of February, 1913, which was duly recorded in the probate office of Blount county, Ala.; after its recordation it was transferred to the defendants, and, after being transferred to the defendants, the mortgage debt was paid in full. After paying the debt in full, plaintiffs gave the defendants written request to mark the fact of satisfaction on the margin of the record of the mortgage, and the defendants failed for two months after said request was made on them to make the entry of the fact of satisfaction on the margin of the record of the mortgage. This count of the complaint is not subject to the general grounds of demurrer assigned to it. The court did not err in overruling the demurrer; the grounds of demurrer should state distinctly the defects in the count. These assignments of demurrer were too general; they were not specific as to the defects, and the court will not be put in error for overruling general assignments of demurrer. Section 5340, Code 1907; Ryall v. Allen, 143 Ala. 223, headnote 4, 38 South. 851; Milligan v. Pollard, 112 Ala. 465, 20 South. 620.

The judgment entry recites:

"The parties hereto agree to plead in short by consent the general issue, with leave to give in evidence any matter, which, if well pleaded, would be admissible in defense of the action to have effect as if so pleaded; and with leave to the plaintiff to give in evidence any matter, which, if well pleaded, would be admissible in reply to such defensive matter to have effect as if so pleaded."

The plaintiffs introduced in evidence a mortgage executed by them to A. E. Fields on real estate to secure the sum of $2,000, evidenced by 15 promissory notes, dated February 1, 1913, which mortgage was duly recorded in the probate office of Blount county, Ala. The mortgage had the following indorsements on the back:

"I hereby transfer this mortgage with notes to James Bright for value received. November 28, 1919. Mrs. A. M. Fields. * * * I hereby transfer the within mortgage to D. O. McKoy. 1/7th—21. J. M. Bright. Witness: A. A. Fendley."

The defendants each objected to the introduction of the mortgage and the transfer on it, because no authority is shown that Mrs. Fields had a right to transfer the mortgage. The court overruled the objections, and allowed in evidence the mortgage and the above-quoted transfer indorsements on it.

There was evidence tending to show that J. M. Bright transferred these notes and mortgage to D. O. McKoy as collateral to secure a debt for borrowed money.

Each defendant requested the court to give the general affirmative charge in writing, with hypothesis, in his favor, and the court refused to give each of them to the jury.

[3] Section 4898 is highly penal, and must be strictly construed. Grooms v. Hannon, 59 Ala. 510; Butler C. Oil Co. v. Brooks, 204 Ala. 195, headnotes 3, 4, 85 South. 778; Jarratt v. McCabe, 75 Ala. 326; Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708. The

penalty may be recovered from the mortgagee or the transferee or assignee of the mortgagee under the circumstances mentioned in the statute. Section 4898, Code 1907.

In the instant case A. E. Fields is the mortgagee, and the plaintiffs are the mortgagors. Are the defendants, or either of them, transferees or assignees of A. E. Fields, the mortgagee? They must be before they can be made liable for this penalty under the conditions shown by this statute. "To recover a statutory penalty, the party complaining must bring himself within the letter of the statute." Grooms v. Hannon, 59 Ala. 510; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, headnote 34, 85 South. 778; Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708.

The plaintiffs, the mortgagors, by this mortgage convey real estate to the mortgagee, A. E. Fields, as security for this $2,-000 debt. The undisputed evidence shows that, after this mortgage was executed, delivered, and recorded A. E. Fields died, and left surviving him a widow and "some children." The record is silent as to the date of his death; the number of surviving children and their ages. A. E. Fields, on November 27, 1914, transferred this mortgage and the debt it secured to the Oneonta Trust & Bank Company as collateral to secure a debt due the bank. On February 3, 1916, this bank retransferred their mortgage and notes to A. E. Fields, stating the debt for which it was held as collateral had been paid to it. It is clear from the evidence that A. E. Fields died before the 28th day of November, 1919, when his widow transferred the mortgage to James Bright, one of the defendants in this case. There is no evidence indicating how the widow obtained this mortgage, or with what authority she transferred it to the defendant J. M. Bright. From the evidence it belonged to A. E. Fields, the mortgagee, at his death.

The legal title to the lands in a mortgage on the death of the mortgagee, intestate, at common law, descended to his heirs. The heirs, his children, hold it in trust for the administrator of his estate when appointed as an incident to the debt secured by the mortgage. Baldwin v. Hatchett, 56 Ala. 461.

[4] These notes and the mortgage securing them are assets, personal assets of the estate of A. E. Fields, the mortgagee, and the title of the notes at his death vest in his administrator, when appointed, with power and authority to collect the debt or to transfer or assign the notes and mortgage as if he were the owner, subject to a liability for improvidence in the exercise of the power. Carroll v. Richardson, 87 Ala. 608, 6 South. 342; Waring v. Lewis, 53 Ala. 615; Sharpe v. Miller, 157 Ala. 299, 47 South. 701; Baldwin v. Hatchett, 56 Ala. 461.

[5] There is no evidence that there has been an administration on this estate, that decedent left no minor children, and that these notes, secured by this mortgage, were of value less than $1,000, and were set apart to the widow of the decedent as exempt from administration under the statute. Section 4200, Code 1907. There is no evidence showing that these notes and the mortgage securing them were set apart to the widow of decedent by the probate court having jurisdiction before administration on the estate, as is allowed under the circumstances shown under section 4224, Code 1907. There is no evidence showing or tending to show ownership of or title to these notes secured by this mortgage in the widow of the decedent, the mortgagee, when she transferred and assigned them to J. M. Bright, the defendant. If she owned no interest in or title to them, she could transfer no interest or title to them to the defendant Bright. The burden of proof rested on plaintiff to introduce evidence, prima facie, at least, showing that the defendants were transferees or assignees of the mortgagee A. E. Fields, or of those claiming legally under him, of these notes and mortgage. This the plaintiff failed to do. This was necessary to entitle plaintiff to recover the penalty under this statute. Section 4898, Code 1907; Grooms v. Hannon, 59 Ala. 510. If the widow was not a legal assignee or transferee of the mortgagee of these notes and mortgage, then she could not make these defendants, or either of them, an assignee or transferee of the mortgagee by transferring and assigning the notes and mortgage to defendant J. M. Bright.

[6] The court erred in overruling the objection of the defendants to the introduction in evidence of the transfer of the mortgage by Mrs. A. M. Fields to James Bright and the transfer by Bright to D. O. McKoy.

[7] The penalty under the circumstances stated in the statute, section 4898 of Code 1907, can be recovered against the mortgagee or the transferee or assignee of the mortgagee. Neither of the defendants is a transferee or assignee of the mortgagee or of any one legally representing the mortgagee; and the court should have given the general affirmative charges, with hypothesis, separately requested in writing by each defendant, in his favor. Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 South. 778; Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708.

Many other errors are assigned and argued; but, under the evidence and this opinion, they will not probably arise on another trial.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.