(101 So. 743)

**SCALES et al. v. ROSENBUSH FURNITURE CO. (2 Div. 851.)**

(Supreme Court of Alabama. Oct. 16, 1924.)

I. Appeal and error ⬅═1039(8) — Requiring counts for failure to satisfy mortgage and vendor's lien of record to be amended to clearly aver failure, if error, held harmless.

In action to recover penalties prescribed in Code 1907, §§ 4898, 4900, for failure to satisfy mortgage and vendor's lien respectively, on margin of record, count for each offense

must aver defendant's failure to enter satisfaction for two months after receipt of statutory notice, and if court erred in requiring averments to that effect, to be amended so as to be more explicit, plaintiffs were not injured; sufficiency of counts not being afterwards questioned.

**2. Chattel mortgages ⬳245—Sales ⬳314—Statutes penalizing failure to satisfy liens on payment must be strictly construed.**

Code 1907, §§ 4898, 4900, allowing recovery of penalties for failure to satisfy mortgages and vendor's liens, on receipt of payment, are highly penal, and must be strictly construed.

**3. Chattel mortgages ⬳245—Sales ⬳314—Plaintiff must aver and prove payment to recover penalties for failure to satisfy instruments of record.**

In action under Code 1907, §§ 4898, 4900, to recover penalties for failure to satisfy mortgage and vendor's lien on margin in record, plaintiff must aver and prove payment in full of each debt.

**4. Chattel mortgages ⬳245—Sales ⬳314—General issue held to raise every issue presented by replications, giving burden of proof thereon to plaintiff.**

General issue to complaint, under Code 1907, §§ 4898, 4900, prescribing penalties for failure to satisfy mortgages and vendor's liens of record, *held* to raise every issue presented by replications, to plea that plaintiff failed to pay interest on all past installments and recording fees, as agreed, so as to give burden of proof thereon to plaintiff.

**5. Accord and satisfaction ⬳26(3)—Chattel mortgages ⬳245 — Sales ⬳314 — Replications held to show payment by accord of liens, satisfaction of which was refused.**

In action under Code 1907, §§ 4898, 4900, for penalties for failure to satisfy mortgage and vendor's lien of record, where defendant pleaded that plaintiff failed or refused to pay recording fees and interest on past-due installments, replications averring acceptance of payment in full and delivery of instruments marked paid *held* sufficient, and to show accord and satisfaction between parties.

**6. Accord and satisfaction ⬳7(1) — Partial payment of instrument marked paid and surrendered held to operate as full accord and satisfaction.**

Accord between parties to and satisfaction of debt by payment, though only partial, where instrument is marked paid and surrendered by creditor to debtor, operates as accord and satisfaction of entire debt, precluding further recovery.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Action by W. T. and W. A. Scales against the Rosenbush Furniture Company to recover statutory penalties. Following adverse rulings on pleading, plaintiffs take a nonsuit and appeal. Transferred from the Court of Appeals, under Acts 1911, p. 449, § 6. Reversed, rendered, and remanded.

Geo. O. Miller, of Livingston, and Patton & Patton, of Carrollton, for appellants.

The complaint was not subject to demurrer. Hoffman v. Knight, 127 Ala. 150, 28 So. 593. It was error to sustain demurrer to replications 1 and 2. Westcott v. Waller, 47 Ala. 492; L. & N. v. Elmore & Brame, 10 Ala. App. 627, 65 So. 695; Bank v. Passmore, 102 Ala. 370, 14 So. 683; Cowan v. Sapp, 81 Ala. 525, 8 So. 212; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Code 1907, § 3973.

G. G. Griffin, of Demopolis, and Thomas F. Seale, of Livingston, for appellee.

The ruling on demurrer to the complaint is not reviewable. Engle v. Patterson, 167 Ala. 117, 52 So. 397; Penn. R. Co. v. Allison Lbr. Co., 17 Ala. App. 596, 88 So. 25. Demurrer to replications was properly sustained. Smith v. Bank, 148 Ala. 501, 42 So. 551; Kinard v. Hill, 154 Ala. 632, 45 So. 60; Mayhall v. Woodall, 192 Ala. 134, 68 So. 322; La. Lbr. Co. v. J. W. Farrior Lbr. Co., 9 Ala. App. 383, 63 So. 788.

MILLER, J. This is a suit by W. T. and W. A. Scales against Rosenbush Furniture Company for the statutory penalty of $200 for the failure of the defendant to satisfy on the margin of the record a mortgage, vendor's lien, or conditional sale contract, duly recorded, given by plaintiffs to defendant, after payment thereof, and after written request to do so within the time prescribed by the statute. The plaintiffs took a nonsuit on account of the adverse rulings by the court to them on the pleadings. The nonsuit was granted, the cause was dismissed, and plaintiffs were taxed with the cost. The plaintiffs prosecute this appeal from that judgment, and the rulings of the court adverse to them on the pleadings are the errors assigned.

[1] There are two counts in the complaint. Count 1 is drawn under section 4898, and 2 is drawn under section 4900 of the Code of 1907. The former is for failure to enter payment or satisfaction on the margin of a mortgage given by plaintiffs to the defendant, and the latter is for failure to enter payment or satisfaction on the margin of the record of a vendor's lien given by plaintiffs to the defendant. The defendant demurred to each of these counts, "because it fails to charge or aver explicitly that the mortgage was not satisfied on the margin of the record." The court sustained this demurrer to each count, and the plaintiffs amended each count by averring, "and defendant having failed for two months after receipt of said notice to enter satisfaction on the record."

These counts each follow in form the first count in Hoffman v. Knight, 127 Ala. 150, 28 So. 593, which was held sufficient, and not subject to grounds of demurrer assigned. See, also, Williams v. Bowdin, 68 Ala. 126.

The demurrer assigned here was not interposed in that case, and if the court erred in this cause in that ruling, it was without injury to the plaintiffs. They were allowed by the court to amend each count, which amendment made the averments already therein clearer, and the sufficiency of these counts was not afterwards questioned. The plaintiffs were not injured by requiring them to make the foregoing amendment to each count. Such averments are necessary in each count under the statutes. Sections 4898 and 4900, Code 1907.

The defendant filed three pleas to these counts. Pleas 1 and 2 are the general issue. Plea 3 averred plaintiffs agreed in the vendor's lien or mortgage or conditional sale to pay a recording fee and interest on all past-due installments, and that plaintiffs paid no interest on past-due installments, and several were past due and plaintiffs failed or refused to pay the recording fee, and there is now due defendant by plaintiffs on said instrument the sum of $16.05; said amount being due at and prior to the institution of this suit. The sufficiency of this plea was not questioned by demurrer. There was no motion to strike or demurrer to it because the facts alleged were provable under the general issue.

The plaintiffs filed two replications to plea 3. Replication 1 avers plaintiffs paid all demands made against them under the instrument before they demanded the record to be satisfied and the mortgage, vendor's lien, or conditional sale, was delivered to them marked paid. Replication 2 to this plea 3 avers plaintiffs paid all the installments due by said mortgage, vendor's lien, or conditional sale contract. The last payment was made by check for $27.50, "which was accepted by the defendant in full payment and satisfaction of the mortgage, vendor's lien, or conditional sale contract, and that the payments made by plaintiffs to defendant were accepted by defendant as and for a full payment of said mortgage, vendor's lien, or conditional sale contract, and said instrument was marked paid and surrendered to plaintiffs." The court sustained the demurrers of the defendant to these replications numbered 1 and 2 to plea 3.

[2, 3] These statutes, sections 4898 and 4900, are highly penal, and must be strictly construed. Grooms v. Hannon, 59 Ala. 510; Jarratt v. McCabe, 75 Ala. 325; Scott v. Field, 75 Ala. 419; Wilkerson v. Sorsby, 201 Ala. 182, 77 So. 708. Under section 4900 one requisite to recovery of the penalty requires "the payment in full of such purchase money," and one requisite to recovery of the penalty under section 4898 requires that the mortgage or deed of trust "has been fully paid or satisfied." The burden of averment and proof of these matters, payment in full of the purchase money under a vendor's lien under section 4900, and full payment or satisfaction of the mortgage debt under section 4898, rests on the plaintiffs. Count 1 of the complaint makes this averment as to the mortgage debt, and count 2 makes it as to the vendor's lien debt.

[4] The general issue to the complaint raises every question presented by the allegations in replications 1 and 2 to plea 3, and the burden of proof rests on the plaintiffs. Every alleged fact in plea 3 and in replications 1 and 2 to this plea 3 are presented by the counts of the complaint, and provable under the general issue. Neither the plea nor the replications to it set up any fact not provable under the complaint and general issue. Sections 4898 and 4900, Code 1907; Smith v. Bank, 148 Ala. 501, 42 So. 551; Mayhall v. Woodall, 192 Ala. 134, 68 So. 322.

[5, 6] The defendant filed this plea 3, and replications 1 and 2 set up facts sufficient and good in reply to it. Replication 1 avers they paid all demands made against them by the defendant under the mortgage, vendor's lien or conditional sale contract, and the instrument "was delivered to them marked paid." Replication 2 states the last payment to defendant was by check for $27.50, which was accepted by the defendant in full payment and satisfaction of said mortgage, vendor's lien, or conditional sale contract, and that the payments made by plaintiffs to defendant were accepted by defendant as and for a full payment of the mortgage, vendor's lien, or conditional sale contract, and said instrument was marked paid and surrendered to plaintiffs. These replications aver facts showing an accord between the parties, an acceptance of the last payment by the defendant in full payment of the debt, and a surrender by the defendant to plaintiffs of the instrument, evidencing the debt, marked paid. When there is an accord between the parties and a satisfaction of the debt by payment, though the amount paid is less than the amount due, and the evidence of the debt, the instrument itself, is marked paid and surrendered by the creditor to the debtor, there can be no subsequent recovery of the amount released. This operates as a payment or as an accord and satisfaction of the entire debt secured by the instrument, and thereafter the debtor is entitled to have the fact of payment or satisfaction entered on the margin of the record of it. Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78, and authorities supra.

It results that the court erred in sustaining demurrers of defendant to replications 1 and 2 to plea 3. They should have been overruled, and judgment overruling the demurrers to replications 1 and 2 to plea 3 will be entered here, and the cause will be remanded. Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.