165 So. 864

## MUTUAL BUILDING & LOAN ASS'N OF EUFAULA v. GUICE.

### 4 Div. 166.

Court of Appeals of Alabama.
May 14, 1935.

Rehearing Granted Nov. 26, 1935.

Further Rehearing Denied Dec. 17, 1935.

· Chauncey Sparks and Clayton, Clayton & Clayton, all of Eufaula, for appellant.

S. H. Dent, of Montgomery, for appellee.

**8**

that, according to the evidence, was his usual custom. On September 1st he paid his regular monthly dues, and his $1 per share assessment for the advance. The undisputed evidence shows that he continued to make payments of similar amounts until April, 1932, when all assessments were stopped and the stock became worth $120 per share, the exact amount appellee had received from the association as an advance. The association was wound up during 1932, paying all other stockholders $120 for each share of stock owned by them.

It is contended by the appellee that the payment of $1 per share, $62, was not due by him until September since he had already paid his August dues before the loan was made. Appellant contends that he should have made the payment in August. We do not think it necessary to pass upon this question as the undisputed evidence shows that the association accepted the sum of $124 for each month from September, 1930, until April, 1932, the association being wound up that year as a solvent concern paying each stockholder $120 per share, the exact sum appellee had obtained as an advance.

■ The maturity of the stock in a solvent building and loan association satisfies the obligation of the borrower and he is entitled to whatever security he has given the association and to have the same canceled. Endlich on Building & Loan Associations, §§ 98, 331–333, and § 155.

■ This doctrine is fully recognized in Alabama in the case of Southern Building & Loan Asso. v. Anniston, etc. Co., 101 Ala. 582, 15 So. 123, 126, 29 L.R.A. 120, 46 Am.St.Rep. 138. Quoting from a note by Mr. Freeman cited in that case the opinion says: "It must be remembered, that when a member obtains a loan or advance he anticipates the amount he is to receive upon the termination of the association." A forfeiture is waived by the acceptance of dues after the forfeiture has accrued without any other action on the part of the board of directors. Endlich on Building & Loan Associations, § 74; 9 C.J. pp. 950, 951, § 60; 4 R.C.L. p. 61, § 19.

■ The object of stock payments is ultimately to satisfy the stock, and in case of a borrower such payments operate finally to satisfy the debt and the borrower is

**PER CURIAM.**

As stated, this action was brought by appellee, Guice, against appellant, the Mutual Building & Loan Association of Eufaula, Ala., and sought to recover the statutory penalty of $200 for failure to cancel a mortgage given by appellee to appellant (Code 1923, § 9024).

Guice, the appellee, was a stockholder in the building and loan association. On August 2, 1930, he obtained an advance from said association of $7,440 upon 62 shares of stock owned by him, or $120 per share.

Dues to the association were payable on the first Monday in each month and it was provided in the by-laws that a borrower or purchaser of an advance shall pay in addition to his or her other monthly dues $1 per month for each share of which such advance is made; and in case of failure to pay shall be subject to a fine. There was also a provision for forfeiture for nonpayment of dues or other obligations. Guice had paid his August, 1930, dues on the first day of that month and

entitled to his security. 4 R.C.L. pp. 351, 352, § 10; 4 R.C.L. p. 376, § 32.

It follows that appellee, having continued his payments without formal protest from the association, until the stock matured and its value was then worth exactly the sum he received as an advance, is entitled to a cancellation of his mortgage as provided by the judgment of the court below from which this appeal was taken.

We note from the record that the notice served upon appellant by appellee is not signed, but no point is made in this connection, the same being expressly waived by defendant. Moreover, the testimony of the secretary and treasurer of the company admits that a formal written demand was given the association at the time stated to cancel the mortgage on the record.

It is urged in brief of counsel that as the mortgage given by plaintiff provides for attorney's fees in preparation of the papers for the loan and for recording fees, etc., and there being no evidence that these items were paid by plaintiff, that we must hold that the amounts are still due on the mortgage, and we are cited the cases of Mayhall v. Woodall, 192 Ala. 134, 68 So. 322, and Smith et al. v. Bank of Enterprise, 148 Ala. 501, 42 So. 551, to sustain this insistence. It will be observed in these cases there was evidence that these items were not paid by the mortgagor and not waived by the defendants and were still due under the mortgages; while in this case there is no evidence on the subject other than the recording of the mortgage and the fact that defendant made no charge on its books of such items against plaintiff.

The foregoing expresses the view of a majority of this court, but as to this Judge SAMFORD is unable to concur and accordingly dissents.

The application for rehearing is granted, the former opinion becomes the dissenting opinion of SAMFORD, J., and the judgment of the lower court from which this appeal was taken is affirmed.

SAMFORD, Justice (dissenting).

Plaintiff was a stockholder and director in defendant's company and was the owner of 62 shares of the capital stock. By the terms of section 2, article II, of defendant's constitution, stockholders were required to pay at the time of subscription for stock $1 for each share subscribed for and the same amount on the first Monday of every month thereafter. The money of the company was loaned to its members on the stock owned by them and such additional security as might be required. Such loan of the funds of the company was designated as "purchasing an advance" and as to this, section 5, Article VII, provided: "Any stockholder purchasing an advance shall pay to the Treasurer and Secretary, in addition to his or her other monthly dues, one dollar per month for each share of which such advance is made; and in case of failure to pay the same monthly shall be subject to a fine of ten cents for each such default and for each dollar thus unpaid."

On August 1, 1930, plaintiff being the owner of 62 shares paid to its secretary-treasurer $62, and on the next day, August 2d, applied for and purchased an advance of the 62 shares of $120 a share and aggregating $7,440, to secure which he executed a note and mortgage payable one day after date. The mortgage described certain real estate in Eufaula, Ala., and contained the usual forfeiture clauses and powers as to foreclosure and also contained the statement that the loan or advance was made subject to the provisions contained in the charter and by-laws of the association or company. The mortgage also contained the following provision: "If the said I. F. Guice shall duly pay, or cause to be paid the said promissory note, according to its tenor and legal effect, and according to the by-laws of said Association, and the monthly installments of interest thereon as they become due and payable; and shall also pay and discharge all fines and forfeitures, and other legal dues, demands and charges arising out of said loan or advance, or out of the said shares of stock on the faith and credit of which the said loan or advance was made and obtained, according to the provisions of the charter and by-laws of said Association; and all costs and charges attending the preparation, execution and registration of this deed, and all taxes which are or may be lawfully assessed against and upon the said premises hereby conveyed, whether by state, county or municipal authority, and shall keep the houses and other improvements which now or may hereafter be erected on the said premises fully insured for the benefit of said Association;

then these presents shall determine, and become null and void."

Upon obtaining the loan or advance plaintiff did not pay the additional $62 required by section 5, Article VII, supra, claiming that the same was not due until September following. On September 15th following, plaintiff paid to the secretary-treasurer $124, claiming that $62 was for additional payment for August. The secretary did not accept it as such, but entered the payment for September. The secretary-treasurer then and there demanded the payment for August, but plaintiff declined to pay it, saying he did not owe the amount and that he would take it up with the president and board of directors, which he never did. From September, 1930, to April, 1932, plaintiff continued monthly to pay to the association $124; $62 of which was entered as dues and $62 as interest. The additional payment of $1 per share, in this instance aggregating $62, is spoken of and required as interest on the advance obtained. The association having brought the value of its shares to $120 each, liquidated, paying to each member, except plaintiff, the amount due him, but refusing to settle with plaintiff unless he would pay $62 still claimed to be due. On November 7, 1932, plaintiff served notice on defendant to satisfy the record of the mortgage and upon its failure to do this he brought this suit.

We call attention to the fact appearing in the record that the notice to satisfy is not signed by anybody, but this point is expressly waived by the attorney for defendant.

It is urged in brief of counsel that as the mortgage given by plaintiff provides for attorney's fees in preparation of the papers for the loan and for recording fees, etc., and there being no evidence that these items were paid by plaintiff, that we must hold that the amounts are still due on the mortgage and we are cited the cases of Mayhall v. Woodall, 192 Ala. 134, 68 So. 322, and Smith et al. v. Bank of Enterprise, 148 Ala. 501, 42 So. 551, to sustain this position. It will be observed that in these cases there was evidence that these items were not paid by the mortgagor and not waived by the defendants and were still due under the mortgages, while in this case there is no evidence on the subject other than the recording of the mortgage and the fact that defendant made no charge on its books of such items against plaintiff.

That brings us to the real point in controversy, to wit, Did the plaintiff at the time he served notice to satisfy still owe to defendant $62 under the terms of his mortgage? The mortgage of plaintiff was made subject to the constitution and by-laws of the association, which thereby became a part of the mortgage and binding on plaintiff. We have no difficulty in arriving at the conclusion that section 5, article VII, contemplated a payment of an additional $1 per share at the time of receiving the advance or loan. This arrived at, not only from section 5 itself, but from the context appearing in the constitution and by-laws of the association. But, were this not so, and it should be held that the additional $1 per share was not due until the month following the advance, the additional $1 per share was to be interest on the loan and there would still be due the amount at the other end of the term and which the evidence shows was not paid. In any event, the plaintiff still owes $62 on his contract secured by the mortgage and for that reason cannot maintain this suit.

It is urged that there were certain penalties for a failure to make these additional payments and that as they had not been enforced there was a waiver on the part of defendant as to the payment of this $62. These penalties and forfeitures were at the election of defendant and the fact that they were not sought to be enforced does not cancel the amount due by plaintiff.

The plaintiff was not entitled to the affirmative charge and for the error in giving such charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.